Susan E. Cawley, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 2, 1978, before Judges CRUMLISH, JR., ROGERS and DISALLE, sitting as a panel of three.

*Susan E. Cawley*, petitioner, for herself.

*Michael Klein*, Assistant Attorney General, with him *Robert P. Kane*, Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., July 6, 1978:

This is an appeal by Susan E. Cawley (Claimant) from a decision of the Unemployment Compensation Board of Review (Board) affirming the referee's denial of benefits pursuant to Section 401(d) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(d), and Section 203(b) of the Emergency Jobs and Unemployment Assistance Act of 1974, 26 U.S.C. §3304 note (Emergency Act).

Claimant had been employed as a substitute teacher by the Coatesville Area School District from March through mid-June, 1976. After school closed for the summer, she applied for unemployment compensation benefits and stated on the Bureau of Employment Security's Form UC-990[1] that she was available for work during the summer and that she would accept an offer of summer employment, but that she expected to return to work as a teacher in the fall and would quit any summer job at that time. The Bureau of Employment Security found that she was not available for suitable work and denied her benefits.

Claimant appealed to the referee and continued to make weekly visits to the local Bureau office in the hope of finding a summer position.

The referee's hearing was scheduled for September 14, 1976 at 10 o'clock A.M., but Claimant was unable to attend because she had been re-hired by the Coatesville Area School District and was teaching her class at that hour. She notified the referee of that fact well before September 14, but she did not specifically request a continuance. The referee proceeded with the hearing, at which he accepted into evidence the Bureau's records and Claimant's letter, but took no testimony. He affirmed the Bureau's determination.

---

[1] The form is completed by checking either a "Yes" or a "No" in answer to nine questions.

Claimant appealed to the Board, and wrote a letter stating that her last substitute teacher assignment was for three and one-half months with no contract and that she had been "dropped" from the staff in June, "with no promise of *any* employment in September." (Emphasis in original.) The Board affirmed on the grounds that Claimant had an implied agreement with her employer to return to her teaching position in September, 1976, and that she was therefore ineligible for benefits under both of the aforementioned statutory provisions.

Section 401(d) of the Law requires, as a condition of eligibility for benefits, that an employee be able to work and available for suitable work.

In *Dingel v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 484, 322 A.2d 731 (1974), we held

> Where there is evidence from which it could be reasonably inferred that the claimant expected and desired to return to work with her former employer, a finding that the claimant is not 'available' within the meaning of the Unemployment Compensation Law is adequately supported.

14 Pa. Commonwealth Ct. at 490, 332 A.2d at 734. We applied that reasoning to school teachers seeking unemployment benefits for the period of the summer recess in *Chickey v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 485, 332 A.2d 853 (1975), and *Calvano v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 79, 368 A.2d 1367 (1977). Furthermore, at the time this case arose,[2] Section 203 of the Emergency Act provided:

---

[2] On October 20, 1976, Section 203(b) was amended to render ineligible for benefits an educational institution employee who "had a contract or reasonable assurance" that he would be employed by the institution in the second academic year.

An individual who performs services in an instructional, research, or principal administrative capacity for an educational institution or agency shall not be eligible to receive a payment of assistance or a waiting period credit with respect to any week commencing during the period between two successive academic years (or, when the contract provides instead for a similar period between two regular but not successive terms, during such similar period) if—

(1) such individual performed services in any such capacity for any educational institution or agency in the first of such academic years or terms; and

(2) such individual has a contract to perform services in any such capacity for any educational institution or agency for the later of such academic years or terms.

The state of the record in this case makes it impossible for us to give this case proper judicial review. The Board's finding of an implied agreement of employment between Claimant and the School District is supported not by any direct evidence, but merely inferentially from the fact that Claimant "expected" to return to work and that she did in fact return.

Claimant argues that there was no informal agreement that she be rehired. In her brief, she argues that during her three months of substitute teaching there were five fifth grade classes at her school; that lower pupil enrollment mandated a reduction to only four classes for the following year; that, therefore, since she was a substitute whose term had expired, she did not expect to return to the same teaching post in September, although the principal at the school promised to contact her during the summer *should* another opening become available; and that the principal did in fact contact her in mid-August and of-

fered her one of two positions, both of which had *developed unexpectedly*. She has attached to her brief a copy of the letter from the principal stating that Claimant "was not to be employed again in September" and supporting Claimant's contentions with regard to the unexpected nature of her re-employment. If the facts are as she alleges, her "expectation" of being rehired may have been no more than a hope that a position would be found for her and would not amount to an implied agreement or even a "reasonable assurance" of continued employment. Justice requires that Claimant be permitted to present evidence on this crucial issue, and to that end, we remand the case to the Board for the taking of additional testimony.

Accordingly, we

ORDER

AND Now, this 6th day of July, 1978, the decision of the Unemployment Compensation Board of Review dated December 15, 1976, is reversed and the case remanded to the Board for the taking of additional testimony. It is further ordered that any additional hearings which may be required be scheduled so as not to conflict with Claimant's hours of employment.