163 N.J. Super. 584 (1978)
395 A.2d 528
SHIRLEY SCHOENFELD, APPELLANT,
v.
BOARD OF REVIEW AND LAKEWOOD BOARD OF EDUCATION, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 23, 1978.
Decided November 28, 1978.
Before Judges FRITZ and BISCHOFF.
Mr. Gary L. Goldberg argued the cause for appellant.
Mr. Mark I. Siman, Deputy Attorney General, argued the cause for respondent Board of Review (Mr. John J. Degnan, Attorney General of New Jersey, attorney; Mr. Michael S. Bokar, Deputy Attorney General, of counsel.)
*585 The opinion of the court was delivered by BISCHOFF, J.A.D.
Claimant Shirley Schoenfeld appeals from a final decision of the Board of Review in the Department of Labor and Industry holding her ineligible for Special Unemployment Assistance benefits.
Claimant was employed as a Title I teacher's aide by the Lakewood Board of Education until June 25, 1976, when the schools closed for the summer. On July 10, 1976 she filed a claim for Special Unemployment Assistance (SUA). On July 22, 1976 she was held ineligible for SUA benefits for the reason that she was employed in an instructional capacity by an educational institution and had a contract or understanding to return to work for the board of education in the fall. She appealed to the Appeal Tribunal which, after a hearing, reached the same conclusion.
Her appeal to the Board of Review resulted in a remand for a rehearing. After rehearing, the Appeal Tribunal held that plaintiff had "at least an understanding to return to work in the Fall, if not more" and again held her ineligible for SUA benefits. The Board of Review affirmed.
Claimant's application for benefits was made under the Emergency Jobs and Unemployment Act of 1974, as amended by the Special Unemployment Assistance Act of 1975. 26 U.S.C.A. § 3304 n. § 201 et seq. (1978 pocket parts at 259 et seq.). The purpose of SUA is to "establish a temporary Federal program of special unemployment assistance for workers who are unemployed during a period of aggravated unemployment and who are not otherwise eligible for unemployment allowances under any other law." 26 U.S.C.A. § 3304 n. § 201.
The statute has been amended several times (see, Pub. L. 94-32; Pub. L. 94-45; Pub. L. 94-566). The section applicable to claimant's claim reads in pertinent part as follows:
An individual who performs services in an instructional, research, or principal administrative capacity for an educational institution or agency shall not be eligible to receive a payment of assistance or *586 a waiting period credit with respect to any week commencing during the period between two successive academic years (or, when the contract provides instead for a similar period between two regular but not successive terms, during such similar period) if 
(1) such individual performed services in any such capacity for any educational institution or agency in the first of such academic years or terms; and
(2) such individual has a contract to perform services in any such capacity for any educational institution or agency for the later of such academic years or terms.
[26 U.S.C.A. § 3304, n. § 203(b)]
See, Harvey v. Director, Department of Emp. Secur., R.I. 385 A.2d 1057 (Sup. Ct. 1978).
The Appeal Tribunal proceeded under the mistaken impression that ineligibility for benefits could be predicated upon the existence of "a contract or understanding to return in the Fall"[1] and made the following factual findings.
The employer testified that the school board was notified that Federal funds were allocated for the position of Title I teacher aides for the school year 1976-77 early in the Spring of 1976. She further testified that the claimant and all aides had been notified in a general discussion that these funds had been allocated and there was an oral agreement that they would return in the Fall providing nothing unforeseen happened. They normally work under a written contract, the current one ending June 30, 1976 and the new one was signed the end of September 1976 for the claimant to start October 1, 1976.
The Appeal Tribunal held that (1) claimant was employed in an instructional capacity and (2) she had "at least an understanding" to return to work in the fall.
*587 Our review of the record satisfies us that these factual findings are supported by ample credible evidence in the record, and we will not disturb them. However, that is not the end of our inquiry for the statute limits ineligibility to the situation where an individual has a contract to perform such services upon the commencement of the new school year. 26 U.S.C.A. § 3304, n. § 203(b).
Courts which have considered the construction of the word "contract" as used in this statute have held it was not the intent of the Congress that "contract" be given a strictly formal construction. In Williamson v. Mississippi Employment Secur. Com'n., 347 So.2d 978 (Miss. Sup. Ct. 1977), the court said:

* * * * * * * *
Given the background and stated purpose of the Act, it becomes apparent that the Legislature did not intend the word "contract" in the context of the Act to be given a strictly formal construction. In light of this, where a teacher in a school system has previously contracted on an annual basis with the option to be paid in either nine or twelve month periods, and, there is a reasonable expectation of employment after the recess, such will be deemed to satisfy the requirements of a "contract" for the purposes of the Emergency Employment Compensation Act. [at 980; emphasis supplied]
A similar interpretation was given to the word "contract" as used in this statute in the cases of Harvey v. Director, Department of Emp. Secur., supra, and Robinson v. Administrator, Dept. of Employment, La., 356 So.2d 477 (Ct. App. 1977).
In Harvey v. Director, Department of Emp. Secur., supra at 1062, the court said, "Congress has manifested a clear intent to deny these [referring to SUA benefits] benefits to teachers who are temporarily unemployed during the period between terms * * *."
We conclude that the findings of the Appeal Tribunal concerning the nature of the understanding existing between claimant and her employer describes at least an implied contract sufficient to comport with the statutory intent. *588 Giving a liberal interpretation to the word "contract," claimant is not eligible for SUA benefits.
The decision of the Board of Review affirming the Appeal Tribunal and holding plaintiff ineligible for Special Unemployment Assistance benefits is affirmed.
NOTES
[1] The Appeal Tribunal erred in holding that the controlling statute was Pub. L. 94-32. This statute had been amended by Pub. L. 94-45. Further, the Appeal Tribunal, in both its decisions, incorrectly quoted the statute. Under the statute as quoted, ineligibility would occur if an individual had a contract or understanding to return to work in the fall. Actually, both statutes base ineligibility upon the existence of a "contract" to perform services.