Una Charlene Langer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 4, 1979, before Judges Crumlish, Jr., Blatt and DiSalle, sitting as a panel of three.

*Richard J. Federowicz,* for petitioner.

*Michael D. Klein,* Assistant Attorney General, with him *Richard Wagner,* Assistant Attorney General—Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

Opinion by Judge Crumlish, Jr., October 30, 1979:

Una Charlene Langer appeals a determination by the Unemployment Compensation Board of Review which, after a remand hearing, affirmed the referee

and ruled her ineligible under the disqualifying provision of Section 402(i) of the Unemployment Compensation Law (Act),[1] 43 P.S. §802(i).

We reverse.

Section 402(i) provides as follows:

An employe shall be ineligible for compensation for any week—

. . . .

(i) Which, prior to January 1, 1978, is based on service covered pursuant to Articles X and XI or pursuant to an election under Article XII of this act in an instructional, research or principal administrative capacity in an institution of higher education, and begins during the period between two successive academic years or during a similar period between two regular terms whether or not successive or during a period of paid sabbatical leave provided for in the individual's contract if the individual has a contract or contracts to perform services in any such capacity for any institution or institutions of higher education for both such academic years or both such terms.

The Board grounded its denial on the following findings of fact: that Langer served in an instructional capacity for two institutions of higher education, the Community College of Allegheny County (CCAC) where she worked part-time, and the Art Institute of Pittsburgh (AIP); that she became unemployed because the school term ended in the spring of 1977; that she was not terminated by either employer and that she will return to her job with both employers during the 1977-78 school term if recalled.

---

[1] Section 402(i) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, added by Section 17 of the Act of September 27, 1971, P.L. 475, as amended, 43 P.S. §802(i).

It is not disputed that Langer was a full-time art instructor at AIP, working six days a week, five hours a day. Prior to her application for benefits, Langer had also worked for one 12-week term as an art instructor in an evening course taught at CCAC that met six hours a week. Her last day of work at CCAC was May 26, 1977, at which time CCAC closed for summer vacation. Her last day of work at AIP, for purposes of this appeal, was June 3, 1977, which also marked the end of a term. However, unlike CCAC, AIP does not close for the summer but is operated on a quarterly basis. Langer testified that she was told on June 1 that she would not be hired for the summer quarter which commenced June 6 at AIP because of a drop in student enrollment.

Although the Board's denial is apparently based on Langer's performing instructional services at both institutions prior to January 1, 1978, Langer argues and counsel for the Board now concedes that AIP is a profit-making institution that does not fall within the purview of Section 402(i).[2]

Therefore, the Board's denial of benefits under Section 402(i) must be grounded in Langer's 12-week period of part-time employment at CCAC and an implied contract that she would perform similar services for CCAC during the fall semester of the 1977-78 school year.

In interpreting "contract" as it appeared in an analogous federal provision which disqualified school personnel from receiving benefits during prescheduled term recesses, we held in *Scholtz v. Unemployment*

---

[2] Only professional employees of institutions of higher education operated by the Commonwealth (Article X employer), a political subdivision (Article XII employer), or non-profit organizations (Article XI employers) are covered by the provisions of Section 402(i).

*Compensation Board of Review,* 42 Pa. Commonwealth Ct. 277, 280, 400 A.2d 700, 702 (1979):

> The contract referred to in the statute need not be a formal written contract but can consist of an implied agreement or mutual commitment between the teacher and the employer.

We have in the past upheld the Board's finding of an implied contract where the record evidences that the teacher has a reasonable expectation or assurance of re-employment after a summer recess.

However, we have distinguished reasonable expectations of re-employment from mere hopes of returning to teach in the fall. *See Cawley v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 405, 387 A.2d 1023 (1978), and have required some objective evidence of mutual commitment or assurance that the employment would be resumed in the ensuing fall. Thus, we have looked to the school district's past employment practices and policies to determine whether a contract could be reasonably implied in the absence of a formal agreement in addition to examining the teacher's subjective expectations. *See Scholtz v. Unemployment Compensation Board of Review, supra; Ortitz v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 234, 400 A.2d 685 (1979); *Hyduchak v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 575, 387 A.2d 669 (1978).

The record is devoid of evidence of CCAC's treatment of teachers similarly situated to Langer. The only testimony regarding her prospects of returning to teach in the fall was heard from Langer who testified that she would return "if recalled" but that her being rehired to teach was dependent upon a sufficient number of students enrolling in the proffered courses.

This testimony belies interpretation that Langer was already in receipt of some assurance or commitment of being rehired by CCAC to teach in the ensuing fall semester and that Langer actively sought other employment.

Langer's expressed hope of returning to CCAC "if recalled" cannot alone support the Board's finding of an implied contract so as to disqualify her under Section 402(i). In the absence of evidence that provides some objective criteria for the Board's inference of a contract between Langer and CCAC that she would resume teaching in the fall, we must reverse the Board.

Accordingly, we

### ORDER

AND Now, this 30th day of October, 1979, the order of the Unemployment Compensation Board of Review dated March 17, 1978, denying benefits to Una Charlene Langer is reversed. The record is remanded for the sole purpose of calculating benefits.