Corrine D. Bliss, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 13, 1979, before Judges CRUM-LISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*Antonio D. Pyle,* for appellant.

*Michael D. Klein,* Assistant Attorney General, with him *Richard Wagner,* Assistant Attorney General, Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., November 1, 1979:

The Unemployment Compensation Board of Review affirmed a referee's denial of benefits to Corrine

D. Bliss under Section 402(i) of the Unemployment Compensation Law.[1] We affirm.

The single issue before us to resolve is whether in this factual posture Bliss had a contract to teach the fall and winter terms of 1977-78.

Bliss was a part-time instructor at the University of Pittsburgh and was granted unemployment compensation benefits in April, 1977, following her last teaching day of the semester.

This Court has, in interpreting "contract", stated that it need not be a formal written agreement but can consist of an implied agreement or mutual commitment. *Scholtz v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 277, 400 A.2d 700 (1979). We have in the past upheld the Board's finding of an implied contract where the teacher had a reasonable expectation to return to work if available. *Hyduchak v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 575, 387 A.2d 669 (1978). We have distinguished mere hopes of returning to teach. *Cawley v. Unemployment Compensation*

---

[1] Section 402(i) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(i), provides as follows:

An employe shall be ineligible for compensation for any week—

. . . .

(i) Which, prior to January 1, 1978, is based on service covered pursuant to Articles X and XI or pursuant to an election under Article XII of this act in an instructional, research or principal administrative capacity in an institution of higher education, and begins during the period between two successive academic years or during a similar period between two regular terms whether or not successive or during a period of paid sabbatical leave provided for in the individual's contract if the individual has a contract or contracts to perform services in any such capacity for any institution or institutions of higher education for both such academic years or both such terms.

*Board of Review,* 36 Pa. Commonwealth Ct. 405, 387 A.2d 1023 (1978).

The University offered Bliss a teaching assignment for the fall and winter terms of 1977-78. This offer was made in April, 1977, and on August 15, 1977, the actual assignment was made contingent upon sufficient student enrollment. Prior to this development, she had worked on a similar arrangement in the preceding school year. Bliss always intended to return to work if it was available. At no time since the end of the April, 1977 term did her employer indicate that work would not be available. In this factual matrix, we are satisfied that Bliss had a reasonable expectation of returning to work as distinguished from a mere hope and *Hyduchak, supra,* controls and benefits must be denied.[2]

Accordingly, we

### ORDER

AND Now, this 1st day of November, 1979, the orders of the Unemployment Compensation Board of Review at Decision Nos. B-159324, B-159325 and B-159326 affirming the referee are affirmed.

---

[2] Additionally, we note that the Claimant argues that payments made in April, 1977, were not overpayments. Our determination indicates that "between semesters" unemployment compensation benefits were improper.