### David W. Gilbert v. Department of Employment Security

[421 A.2d 1295]

No. 403-79

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed September 9, 1980

*David W. Gilbert,* pro se, St. Albans, Plaintiff.

*Brooke Pearson* and *Matthew R. Gould,* Montpelier, for Defendant.

**Per Curiam.** The claimant is appealing a decision of the Vermont Employment Security Board (Board) denying his claim for unemployment compensation. We affirm.

Claimant was employed as a tutor for migratory school aid children under the federally funded Rural Tutorial Program. He was paid an hourly wage. His duties consisted of teaching or tutoring the children of migrant farm workers. He worked in the St. Albans School District from October 1978 to June 8, 1979. In June of 1979, he received verbal assurance that he would be offered his position for the 1979–1980 academic year. This was confirmed in writing.

From these findings the Board concluded that the claimant performed services in an instructional capacity for an educational institution and had a reasonable assurance that he would perform services in the same capacity for the succeeding academic year. He was denied compensation benefits pursuant to 21 V.S.A. § 1343(d).

We would first note that the claimant has made no objection to any of the findings of the Board.

He argues that "reasonable assurance" as found in § 1343(d) must be interpreted to mean a contract and not a verbal or written understanding. 21 V.S.A. § 1343(c) denied benefits based on instructional service if the individual had a contract to perform services in the succeeding academic year or term. 21 V.S.A. § 1343(d) was enacted in 1977. It denied benefits after December 31, 1977, to any individual performing service after December 31, 1977, "in an instructional . . . capacity for an educational institution . . . if there is a contract *or a reasonable assurance* that such individual will perform services . . . ." (Emphasis added.) In *Herrera* v. *Industrial Commission*, 197 Colo. 23, 593 P.2d 329, 331 (1979), the Colorado Supreme Court concluded that "reasonable assurance" was intended to mean "a written, verbal, or implied agreement that the employee will perform services in the same capacity during the ensuing academic year or term." We sustain the conclusion of the Board that the claimant had "reasonable assurance" of employment for the next year. No written contract is necessary. The claimant can take nothing from this argument.

He also argues that 21 V.S.A. § 1343 (d) discriminates against him as a teacher and thus denies him the equal protection guaranteed by the Fourteenth Amendment to the United States Constitution. As to his claim he has failed to demonstrate that the class to which he belongs is protected, or that the statute impinges on a fundamental interest. We then must only determine whether the statute, as amended and applied, has a rational relation to a legitimate governmental interest. We hold that it does. *Herrera* v. *Industrial Commission, supra.*

*Judgment affirmed.*