Ellen A. Aronson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1980, before Judges WILKIN-SON, JR., CRAIG and PALLADINO, sitting as a panel of three.

*Elliot A. Strokoff,* of *Handler and Gerber, P.C.,* for petitioner.

*Steven R. Marcuse,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, January 20, 1981:

The only question before us is whether the Unemployment Compensation Board of Review (board) correctly concluded that claimant Ellen Aronson, a substitute teacher, was ineligible for benefits during the summer of 1978, under Section 402.1(1) of the Unemployment Compensation Law, 43 P.S. §802.1(1),[1]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended,* 43 P.S. §802.1(1).

because she had a reasonable assurance of returning to work in the same capacity for the next school term.

Section 402.1(1) now bars an instructional employee in an educational institution from benefits for periods between successive academic years or terms

if such individual performs such services in the first of such academic years or terms and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms.

The concept of "reasonable assurance" is not defined in the statute. However, we have held that, absent a formal agreement to rehire, there must be some evidence of mutual commitment or assurance between the teacher and employer to recall the former, so that the teacher can be said to have a reasonable expectation of returning to employment in the next term. *Langer v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 88, 407 A.2d 123 (1979). In *Langer,* we distinguished a reasonable expectation of re-employment from mere hope of returning in the fall. *See Cawley v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 405, 387 A.2d 1023 (1978).

Claimant first began working as a substitute teacher for the school district on January 10, 1978, replacing a teacher who had taken an indefinite leave of absence. The position was claimant's first; her name had initially appeared on the employer's substitute teacher list in the fall of 1977. Because the regular teacher extended her leave of absence, claimant retained the substitute position until the end of the school year.

On July 5, 1978, the school district sent the claimant a letter which explained that the district was "re-

viewing'' the substitute teacher list to determine the availability of current substitutes for continued employment with the employer. The letter requested that the claimant indicate whether she would be "willing to accept employment as a substitute teacher in the coming year.'' The letter concluded by stating that, "to have your appointment as a substitute teacher approved by the School Board,'' the claimant must return her response before August 1, 1978. She responded affirmatively, before the date specified.

However, by making repeated inquiries of the employer as to whether she would be re-employed in the fall, the claimant ultimately learned only that the regular teacher had permanently resigned, and that the qualification for filling the position had been raised to a master's degree, beyond her reach.

In testimony, when asked if the district ever sent the claimant any assurance that she would be called as a substitute in the fall of 1978, the employer representative did not answer responsively but merely stated that the district "cannot guarantee anyone on our substitute list that they will have a job.'' With respect to her name being on the substitute list, the employer representative acknowledged that it was "possible that she won't even be called once;'' the possibility of the claimant being recalled to the particular position of the previous year was ruled out altogether. The record shows that, during cross-examination of the employer representative by claimant's counsel, the referee interrupted with statements and questions which were clearly leading in nature. Although we cannot condone that mode of conducting the hearing, we will nevertheless accept at face value the answer which the referee finally elicited from the employer's representative. That answer was:

As a result of receiving this signed letter from her, she is now on our preferred elementary

substitute list. Which means that she has a very good chance of being called sometime during the 1978-79 school year.

Given that statement as proof that the claimant's name was in fact placed upon a substitute list, and given the employer's previous letter to claimant, noted above, the question is whether the claimant can be said to have had any reasonable assurance of re-employment, where the employer gave her no positive information after she sent in her response.

We cannot hold that any person has an expectation unless that person has received information on which to base an expectation. Although the employer never notified claimant that her name had been placed on the substitute list, the referee and the board apparently interpreted the preliminary letter from the school district as an advance indication to the claimant that an affirmative reply would place her in the path of likely re-employment.

As a matter of law, we cannot so interpret that letter. It merely said that the school district was reviewing the substitute list to determine the future availability of present substitutes; it asked the claimant to indicate *her* intentions. There was no positive note in the statment that the response must be returned before the specified date "to have your appointment as a substitute teacher approved by the School Board." We cannot fairly read that wording as any kind of assurance that a timely response alone would result even in having her name placed upon a list. The letter further indicated that replies would have to be "processed" after they were received.

Therefore this case is distinguishable from *Hansen v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 440, 422 A.2d 707 (1980), where we held that a claimant was ineligible for benefits

when he received an unqualified offer to place his name on the substitute teacher list over the summer.

Nor is *Goralski v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 39, 408 A.2d 1178 (1979) controlling. In that case, we held that a claimant who had been notified by the school district that she would be utilized as a substitute teacher for the ensuing term, and who had indicated on her summary of interview sheet that she had "reasonable assurance" of returning to work, was disqualified from benefits under Section 402.1(1).

Here there was no glimmer of any assurance or commitment, *Langer, supra*. Further, claimant, having been newly graduated and having completed one substitute assignment, had no past employment record with the school district from which one could infer that she had a reasonable assurance of re-employment. *See Goralski, supra*.

Hence, we conclude that, taking the facts solely as presented on behalf of the employer, the record is devoid of any evidence of assurance of re-employment being communicated to claimant by employer.

ORDER

AND Now, January 20, 1981, the order of the Unemployment Compensation Board of Review dated June 22, 1979, No. B-173500, is reversed, and the case is remanded for computation of benefits.