TOWN OF MILTON vs. DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another[1].

Norfolk.   April 9, 1982. — July 22, 1982.

Present: WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Employment Security*, Exemption, Employee of educational institution,
School bus driver, Eligibility for benefits.

A school bus driver employed by a private bus company which was under
a contract with a town to provide school bus services and which de-
faulted on its contract, causing the town to assume operation of the
buses and to hire the company's drivers for the remainder of the school
year, was not disqualified by the terms of G. L. c. 151A, § 28A, from
an award of unemployment benefits for the weeks between the aca-
demic years or terms of her employment where she was employed for
the following school year by another private bus company. [832-833]

CIVIL ACTION commenced in the East Norfolk Division of
the District Court Department on September 29, 1980.

The case was heard by *Shubow*, J.

*Robert D. O'Leary*, Town Counsel, for the plaintiff.

*George J. Mahanna*, Assistant Attorney General, for Di-
rector of the Division of Employment Security.

LIACOS, J.   During most of the 1979-1980 school year,
Mary DeBesse (the claimant) was employed as a school bus
driver by a private bus company which was under a con-
tract with the town of Milton to provide school bus services.
In late March, 1980, the company defaulted on its contract,
and the town assumed operation of the buses.   In order to
do so, the town hired the claimant, and other school bus
drivers employed by the same bus company, for the remain-
der of the school year.   The written agreement between the
parties provided that the school department would reem-

[1] Mary DeBesse.

ploy the claimant in the same capacity at the beginning of the next school year, if no new private contract was signed.[2]

At the end of the school year, the claimant was informed by a representative of another bus company, then negotiating with the town for the school bus contract, that she would most likely be hired by that company for the coming school year. Subsequently, the town and the company entered into a contract, and the claimant was in fact employed in this manner by the second company for the 1980-1981 school year.

The director of the Division of Employment Security (Division) found "that the claimant was employed as a school bus driver by the Milton School Department from April 1, 1980 through the end of the school year in June 1980 and that, although she has reasonable assurance of re-employment in the same capacity for the next ensuing school year, such reemployment will not be in the employ of an educational institution. Therefore, the claimant is not subject to the disqualifying provisions of Section 28 A of the [Employment Security] Law." This decision was affirmed by the board of review of the Division. The District Court judge affirmed, and the town takes this appeal. G. L. c. 151A, § 42.

The town argues that the award to the claimant of unemployment compensation benefits for the months between her terms of employment should be reversed because she was disqualified by the terms of G. L. c. 151A, § 28A. That section of the Employment Security Law denies benefits to certain employees of educational institutions for the weeks between two successive academic years or terms "if such individual performs such services [in employment] in the first of such academic years or terms and there is a reasonable assurance that such individual will perform such services in the second of such academic years or terms." G. L. c. 151A, § 28A (b), as appearing in St. 1977, c. 720, § 29.

---

[2] It was further provided that the claimant was a parttime employee and was not to be considered for regular town employee benefits.

The town's position is that the statutory exclusion should be read to apply to any claimants with reasonable assurance of performing services for an educational institution, although such services are performed in the employ of another entity. This position is wholly untenable, by the terms of the statute. The first sentence of G. L. c. 151A, § 28A, speaks of "service in employment" as defined by two subsections of § 4A of the same chapter. See G. L. c. 151A, § 4A (a) & (d). Similarly, § 1 (k) of the Act, as appearing in St. 1977, c. 720, § 2, defines employment as "service . . . performed for wages . . . by an employee for his employer." As the claimant was to be performing services which were to be paid for by her employer, a private contractor, she clearly is not within the class of employees precluded from obtaining benefits. But for the necessity of intervention by the town to salvage its school bus routes, the claimant would have been employed for the two terms at issue by private employers, and her right to benefits, assuming all other criteria were met, would be unassailable. G. L. c. 151A, §§ 1-8, 24. Her involvement for only one term as a town employee, especially as one with the limitations imposed in her case, does not change her entitlement. Compare *Pac* v. *Pennsylvania Unemployment Compensation Bd. of Review*, 48 Pa. Commw. Ct. 91, 99 (1979) (bus driver employed by school district denied benefits).

*Judgment affirmed.*