Cora Lee Phillippi, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 15, 1982, to Judges ROGERS, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*A. Martin Herring,* for petitioner.

*Charles G. Hasson,* Assistant Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., May 2, 1983:

Ms. Cora Lee Phillippi, (claimant), appeals from an order of the Unemployment Compensation Board of Review (Board) affirming the referee's determination that claimant was ineligible for unemployment benefits pursuant to the disqualifying provisions of Section 402.1(1) of the Unemployment Compensation Law (Law).[1]

The claimant was employed by the Springfield Township School District (School District) since 1967 as a tenured teacher of English. In June of 1980, the claimant was furloughed from her position as a full time, tenured, professional English teacher because of declining enrollment in the School District. On August 17, 1980 the claimant filed an application for unemployment benefits. The record indicates that she received benefits until she was reemployed by the School District in November of 1980.

On November 14, 1980, Ms. Phillippi was reemployed by the School District as a long term substitute teacher. The claimant worked from November 14, 1980 until June 19, 1981 when her contract as a long term substitute teacher terminated. However, on May 21, 1981 the School District wrote a letter to the claimant informing her that her name would be placed on the master substitute list for the 1981-82 academic year. In that letter, Francis P. Romano, the Assistant Superintendent of The School District, stated, ". . . we would like you to know that you are assured placement

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* added by Section 5 of the Act of July 6, 1977, P.L. 41, 43 P.S. §802.1(1).

on our master substitute list for the 1981-82 school year.'' The School District's letter did not require a response; nevertheless, a response was invited if the claimant had any questions about her status for the coming school year.

On July 2, 1981, the Office of Employment Security, (Office), issued a determination finding the claimant ineligible for benefits under Section 402.1(1) of the Law, for the compensable week ending June 27, 1981. The language of Section 402.1(1) states, *inter alia,* that a person who performs instructional services for an educational institution is ineligible for benefits for any week of unemployment commencing during the period between two successive academic years, if that person performed a service in the first academic year, and there is reasonable assurance that the person will perform service in the second of such academic years. The claimant filed a timely appeal from this determination on July 2, 1981, and the matter was referred to a referee. On July 22, 1981 the referee conducted a hearing which was attended by the claimant and two witnesses for the School District. On July 27, 1981, the referee issued a decision affirming the determination of the Office. On July 29, 1981 the claimant filed an appeal from the referee's determination. The Board, on October 7, 1981, affirmed the referee's decision. The instant appeal to this Court followed.

The facts of this case are not in dispute. However, the central issue to be resolved on this appeal is whether the Board's conclusion that the claimant was ineligible to receive benefits, because she had a ''reasonable assurance'' of returning to the employ of the School District, was correct as a matter of law.

The claimant contends that the letter which advised her that her name would be placed on the per diem substitute list for the 1981-82 academic year, without further confirmation that substitute work would be avail-

able, is not "reasonable assurance" of future employment. Additionally, the claimant asserts that the burden is on the employer to establish that a position exists for the unemployed teacher without any affirmative action required of the employee. Lastly, the claimant argues that the denial of compensation benefits to educational employees by the narrow interpretation of the Law denies them equal protection of the law.

The current case law holds that for a person to have a reasonable expectation of employment, that person must receive information on which to base that expectation. *Aronson v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 177, 424 A.2d 972 (1981). In *Aronson*, this Court held that in the absence of a formal agreement to rehire, there must be some evidence of mutual commitment or assurance between the teacher and the School District to recall the teacher, in order for the teacher to have a foundation on which to base a reasonable expectation of returning to employment in the next academic year. We have also held that what constitutes "reasonable assurance" must be determined by the Board's examination of all the relevant facts. *Goralski v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 39, 408 A.2d 1178 (1979).

Ms. Phillippi, after having been furloughed in June of 1980 resumed employment with the School District in November of 1980, and continued to teach until June of 1981. In May of 1981 the claimant received the letter which assured her that her name would be placed on the master substitute list for the 1981-82 academic year.

In accordance with *Goralski*, a letter notifying an individual that his name would be placed on the substitute teacher's list for the upcoming year constitutes "reasonable assurance" of returning to employment

in the next academic term. *Goralski.* Accordingly, we hold that the letter of May 21, 1981 constituted "reasonable assurance" that Ms. Phillippi would be employed by the School District in the 1981-82 academic year; and that the Board was correct in denying benefits.

Therefore, we affirm the order of the Board.

ORDER

AND Now, the 2nd day of May, 1983, the order of the Unemployment Compensation Board of Review at Decision No. B-200062 is affirmed.