**Estrelita DAVIS, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPART-MENT OF EMPLOYMENT SERVICES, Respondent.**

**No. 83–1282.**

District of Columbia Court of Appeals.

Argued July 27, 1984.

Decided Aug. 24, 1984.

Estrelita Davis pro se.

Michael A. Milwee, Washington, D.C., for respondent.

Before NEBEKER and PRYOR, Associate Judges, and GALLAGHER, Associate Judge, Retired.

PER CURIAM:

During the 1982–1983 term, petitioner Davis was employed as a substitute teacher of social studies in the public schools of the District of Columbia. In May 1983, shortly after the term's expiration, she answered affirmatively an "employment questionnaire" asking if she wished to be reconsidered for employment during the 1983–1984 school year. On July 28, 1983, petitioner received a letter, addressed to her, from the director of personnel of the public schools. The letter, dated July 27, read in part:

This is to officially notify you of your temporary reappointment in the District of Columbia Public Schools as a Social Studies Substitute Teacher, effective July 1, 1983. Attached is a copy of your personnel action, providing the details of your reappointment.

Prior to her receipt of the July 27 letter (hereinafter "reappointment letter"), petitioner had already applied for unemployment compensation. Upon the Department of Employment Services' preliminary determination that she was monetarily eligible for benefits,[1] petitioner received a check on July 23.

Shortly thereafter, a claims deputy of the Department of Employment Services adjudged petitioner ineligible for compensation, and sought return of the initial check mailed to her. Apparently, the Department learned that petitioner had completed her employment questionnaire indicating her desire to be rehired as a substitute, and

believed her to be therefore ineligible for benefits under D.C.Code § 46–110(7)(B) (1981). The section reads in part:

[W]ith respect to weeks of unemployment beginning after December 31, 1977, in an instructional ... capacity for an educational institution, benefits shall not be paid based on such services for any week of unemployment commencing during the period between 2 successive academic years or terms ... if such individual performs such services in the first of such academic years or terms *and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms.* [Emphasis added.]

Petitioner appealed the ruling, *see id.* § 46–112(b), to an appeals examiner. Her main contention was that the employment questionnaire and the reappointment letter did not constitute "reasonable assurance" of reemployment during the 1983–1984 term. Therefore, she urged, she was entitled to unemployment compensation.[2]

The appeals examiner heard petitioner and a representative of the employer testify. He thereafter made findings of fact and ruled that the reappointment letter (but not the employment questionnaire) constituted reasonable assurance of petitioner's forthcoming employment. He held, however, that the reasonable assurance was only effective as of the time petitioner actually received it—July 28—and that, therefore, petitioner was entitled to benefits through the end of July. The appeals examiner otherwise affirmed the earlier decision precluding petitioner from receiving compensation. Petitioner now appeals this ruling. *See id.* § 46–113. We conclude that the appeals examiner's ruling

---

1. This finding was made prior to a finding of eligibility under D.C.Code § 46–110(7)(B) (1981). *See id.* § 46–108(e)(1).

2. Petitioner also complained that no one in respondent's employ had warned her that she might be ineligible for benefits under § 46–110(7)(B).

is correct as a matter of law, and is supported by substantial evidence.

The only issue raised and ruled upon below was whether petitioner had reasonable assurance of reemployment as a substitute teacher. This issue, then, is the only one properly before us. *See McKenzie v. Maine Employment Security Commission,* 453 A.2d 505, 513 (Me.1982); *Cleveland v. Department of Employment Security,* 138 Vt. 208, 211, 414 A.2d 1157, 1159 (1980); *Sprague & Henwood, Inc. v. Unemployment Compensation Board of Review,* 207 Pa.Super. 112, 117–18, 215 A.2d 269, 272 (1965).

Section 46–110(7)(B) brought the D.C. Code into conformity with the Federal Unemployment Tax Act, Pub.L. No. 94–566, 90 Stat. 2667 (1976) (currently codified at 26 U.S.C. § 3304(a)(6)(A)(i) (1982)).[3] The section effectively denies unemployment benefits to teachers and other educational personnel during a summer recess. *See Herrera v. Industrial Commission,* 197 Colo. 23, 26–27, 593 P.2d 329, 332 (1979) (en banc); *Russ v. Unemployment Insurance Appeals Board,* 125 Cal.App.3d 834, 843, 178 Cal.Rptr. 421, 426 (1981).

■ Despite the indefinite nature of their employment, we hold that § 46–110(7)(B) applies to substitute teachers employed by the District of Columbia public school system. *See Richland School District v. Unemployment Compensation Board of Review,* 459 A.2d 1358, 1360 (Pa. Cmwlth.1983); *Patrick v. Board of Review,* 171 N.J.Super. 424, 425–26, 409 A.2d 819, 820 (1979) (per curiam); *Jennings v. Employment Security Department,* 34 Wash.App. 592, 596–98, 663 P.2d 849, 852–53 (1983); *compare Town of Milton v. Director of the Division of Social Security,* 386 Mass. 831, 832, 438 N.E.2d 71, 72

(1982) (bus driver paid by private contractor not covered by statute).

■ We further hold that the reappointment letter, received by petitioner, constituted reasonable assurance of her reemployment as a substitute teacher during the 1983–1984 term.[4] "Reasonable assurance" has been defined as "a written, verbal, or implied agreement that the employee will perform services in the same capacity during the ensuing school year or term," 1976 U.S.CODE CONG. & AD.NEWS 6033, 6036 (legislative history of federal act). A reasonable assurance of reemployment is not a guarantee that one will be rehired, *e.g., Richland School District v. Unemployment Compensation Board of Review, supra,* 459 A.2d at 1360; rather, it is a reasonable assurance, "in good faith [, that the parties] expect the substitute employment relationship to resume." *Jennings v. Employment Security Department, supra,* 34 Wash.App. at 598, 663 P.2d at 853; *see also Aronson v. Unemployment Compensation Board of Review,* 56 Pa.Cmwlth. 177, 179, 424 A.2d 972, 973 (1981) ("absent a formal agreement to rehire, there must be some evidence of mutual commitment or assurance between the teacher and employer to recall the former"). More than a mere hope of reemployment is required. *Id.* Whether reasonable assurance has been afforded by the employer is essentially a question of fact to be determined by examining the relevant circumstances surrounding the employment relationship. *See Bornstein v. Unemployment Compensation Board of Review,* 69 Pa.Cmwlth. 521, 523–24, 451 A.2d 1053, 1055 (1982); *Hansen v. Unemployment Compensation Board of Review,* 54 Pa. Cmwlth. 440, 442, 422 A.2d 707, 708 (1980); *Goralski v. Unemployment Compensation Board of Review,* 48 Pa.Cmwlth. 39, 42–43, 408 A.2d 1178, 1180 (1979).

**3.** In keeping with the federal act, many states adopted provisions identical or substantially similar to § 46–110(7)(B). We have, therefore, looked to the law of other jurisdictions for guidance in construing our own statute.

**4.** In light of our holding, we do not consider whether the reappointment letter was a "contract" within the meaning of § 46–110(7)(B).

The appeals examiner's decision accorded with these principles of law, and his determination that petitioner received reasonable assurance of reappointment on July 28, is supported by substantial evidence.[5] Our inquiry, therefore, is at an end.[6] *Adams v. District Unemployment Compensation Board,* 414 A.2d 830, 833 (D.C.1980); *Hill v. District Unemployment Compensation Board,* 302 A.2d 226, 228 (D.C.1973).

*Affirmed.*

---

[5] We see no reason to disturb the ruling below that the reappointment letter's reasonable assurance of reemployment was effective on the date that it was received by petitioner, instead of its stated effective date of July 1. *See* 1976 U.S. Code Cong. & Ad.News, *supra,* at 6036 (benefits may be withheld if claimant *"has been notified* that he or she has a contract for, or reasonable assurance of, reemployment") (emphasis added).

[6] Petitioner's references to *California Department of Human Resources Development v. Java,* 402 U.S. 121, 91 S.Ct. 1347, 28 L.Ed.2d 666 (971), and *Thomas v. District of Columbia Department of Labor,* 409 A.2d 164 (D.C.1979), are unavailing, as neither case pertains to the issue presented by the instant case. Similarly, the fact that petitioner was not informed by respondent, when she applied for benefits, that she might be found ineligible under § 46–110(7)(B) is irrelevant to the propriety of the appeals examiner's ruling.