**Jean A. ZIELINSKI, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 5, 2003.
Decided Oct. 30, 2003.

Richard S. McEwen, Edinboro, for petitioner.

Maribeth Wilt–Seibert, Harrisburg, for respondent.

BEFORE: FRIEDMAN, Judge, COHN, Judge, McCLOSKEY, Senior Judge.

OPINION BY Judge COHN.

This case asks us to decide the eligibility for unemployment benefits of a full-time teacher who was proffered per diem substitute work for the succeeding academic year; the novelty here is that benefits are not sought for the interim summer vacation period, but only for the time *after* the new school year began. Jean Zielinski (Claimant) applied for such benefits and the referee, in a decision summarily affirmed by the Unemployment Compensation Board of Review (Board), denied them on the basis of Section 402.1 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802.1, *added by* Section 5 of the Act of July 6, 1977, P.L. 41. That provision disqualifies a claimant from receiving unemployment compensation benefits for a summer vacation period *between successive academic years* when the claimant has been employed in, *inter alia*, an instructional capacity for an educational institution in the first of the two academic years and, for the subsequent academic year, the claimant

has "reasonable assurances" of employment with an educational institution."

On appeal,[1] Claimant asserts that this provision does not apply to her case and, alternatively, even assuming it does, that she had no reasonable assurances of employment once the school year began. She additionally maintains that a new Board regulation,[2] which defines "reasonable assurances" for purposes of Section 402.1 to exist only if there is a "bona fide offer of employment" to the employee for the second academic year and the terms and conditions are not "substantially less" than for the prior year, should be applied retroactively to her case.[3] Finally, she asserts, as an additional alternative argument, that the referee was biased and seeks a new hearing on this basis.

The referee made only a few brief findings, which can be summarized as follows. Claimant had been employed by Millcreek Township School District (Employer) as a school teacher from August 2000 until June 6, 2002. For the 2001–2002 academic year, she was a full-time teacher. Her last day worked was the last day of school for the 2001–2002 academic year. On June 7, 2002 Employer mailed a letter advising her that she would be placed on the per diem substitute teachers' list for the 2002–2003 school year. The referee found that the 2003 school year began August 30, 2002.[4] Based on these findings, he con-

---

1. Our scope of review is limited to determining whether the Board's adjudication is in violation of constitutional rights, whether an error of law was committed, or the factual findings are supported by substantial evidence. *Nolan v. Unemployment Compensation Board of Review*, 797 A.2d 1042 (Pa. Cmwlth.2002).

2. 34 Pa.Code § 65.161.

3. In connection with this argument, she asserts that this regulation was passed to reme-

dy a conflict with Section 3304(6)(A)(ii) of the Federal Employment Tax Act, 26 U.S.C. § 3304(6)(A)(ii).

4. We agree with Claimant that there is no support in the record for this date. Teachers began in-service training on August 22, 2002 and students returned on August 27, 2002. However, given that these two dates appear of record and are not disputed, this erroneous finding need not hamper our review.

cluded that Claimant had a "reasonable assurance" that she would perform services for the following year and denied benefits under Section 402.1. Although not a finding, the parties do not dispute that Claimant received only one day of per diem substitute teaching prior to the October 24, 2002 hearing. (N.T. 5).

■ First, we consider the question of whether Section 402.1 bars Claimant's grant of benefits in this case since, as Claimant points out, she is not seeking benefits for the period of summer vacation. By its express terms, Section 402.1 seeks to preclude the grant of benefits to teachers for any week "commencing during the period between two successive academic years" (*i.e.*, summer vacation), "if there is a contract or a reasonable assurance that such individual will perform services in any such capacity" in the second year. Under its terms, Section 402.1 prohibits benefits for teachers if: 1) they are requesting them for a week which commences during summer vacation; and 2) there is a contract or reasonable assurance of employment in the second year. Both of these requirements must be met for section 402.1 to apply. Here, Claimant did not file her application for benefits until August 18, 2002, and the first week for which she sought benefits was August 24, 2002, after the second academic year had begun.

■ There are no cases that have squarely addressed the issue of whether Section 402.1 applies to preclude a grant of benefits to a teacher where the benefits are sought for time encompassed in the second academic year. Admittedly, the Courts, in construing Section 402.1, have consistently held that teachers are not entitled to benefits for the weeks throughout summer vacation where they are on substitute or per diem lists for the fall because they have a "reasonable expectation of returning to employment in the next term."

*Aronson v. Unemployment Compensation Board of Review*, 56 Pa.Cmwlth. 177, 424 A.2d 972, 973 (1981). The rationale for this is that Section 402.1(1) does not require "a guarantee of actual employment"; rather, "what constitutes reasonable assurance must be determined by the Board's examination of all relevant facts." *Neshaminy School District v. Unemployment Compensation Board of Review*, 57 Pa. Cmwlth. 543, 426 A.2d 1245, 1247 (1981) (emphasis omitted). However, the cases have not addressed whether Section 402.1 is applicable to a teacher claiming benefits commencing, not in the summer, but at the beginning of the second school year, when the teacher is not called to work, and there is no longer any "reasonable assurance" of returning to employment. In other words, the cases do not consider the situation we have *sub judice*, where, whatever "reasonable assurance" of employment Claimant may have had during the summer, did not materialize at the commencement of the second school year.

*Neshaminy*, which is cited by the Board, is not on point. Although it involved a full-time teacher, under year-long contract, who was then placed on a per diem list for the next academic year, the teacher filed for benefits commencing during the summer vacation. Thus, the Court did not address the fact situation we have here, *i.e.*, whether Section 402.1 would bar benefits if a claimant were, in fact, unemployed after the second school year began.

■ We conclude that neither Section 402.1, nor case law construing it, applies here because Claimant is not requesting benefits for weeks falling during summer vacation but, instead, is seeking benefits for the second school year, claiming that, after the school year began, she was unemployed. Therefore, we employ a different analysis in this case and begin on a fundamental level when we consider whether

Claimant has met the general qualifications for unemployment compensation under Section 401 of the Law, 43 P.S. § 801 ("compensation shall be payable to any employe who is or becomes unemployed ...").

 Under Section 4(u), 43 P.S. § 753, an individual is "unemployed" for purposes of the Act "(I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him, or **(II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit.**" (Emphasis added.) Claimant sought benefits for the period beginning with the first day teachers reported for the new school year. As of that date, she was performing no work and receiving no remuneration for work. In fact, she worked and was paid for only *one day* during the first two months of the new school year. Moreover, her full-time employment the previous year established a base wage from which calculations could be made. She, thus, meets the definition of "unemployed" in Section 4(u)(II). In our view, Claimant's situation as a per diem substitute can be described as a part-time job. She has an ongoing employment relationship with Employer, but works only on a part-time basis. She remains available to work all days, but is asked to work only some. She has clearly suffered a diminution in her salary from the prior academic year, but she has not refused suitable work when it had been offered. Under Section 4(u)(II) it is, thus, clear that if what is paid to her as a per diem substitute is less than her weekly benefit rate (as established from

her base year wages for her prior full-time employment) together with her partial benefit credit (from her per diem earnings) she is entitled to receive unemployment compensation benefits. She has demonstrated that she meets that standard and, accordingly, the Board should have granted benefits.

Because we determine that Claimant was "unemployed" under the Law's statutory definition of that term, and was not statutorily disqualified from receiving benefits, we reverse the Board's order.[5]

### ORDER

NOW, October 30, 2003, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed.

---

5. Because of our disposition of this case, we need not reach the questions of whether the referee was biased or whether the Board's new regulation should be applied to Claimant.