78 N.J. Super. 144 (1963)
188 A.2d 37
NEW JERSEY BELL TELEPHONE COMPANY, A CORPORATION OF NEW JERSEY, APPELLANT,
v.
BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, AND MRS. ESTHER W. ROWE, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 17, 1962.
Decided January 31, 1963.
*145 Before Judges PRICE, SULLIVAN and LEWIS.
Mr. Michael J. O'Neil argued the cause for appellant.
Mr. Edward A. Kaplan argued the cause for respondent Board of Review, Division of Employment Security, Department of Labor and Industry, State of New Jersey.
Mr. Sidney Reitman argued the cause for respondent Mrs. Esther W. Rowe (Messrs. Kapelsohn, Lerner, Leuchter & Reitman, attorneys).
The opinion of the court was delivered by SULLIVAN, J.A.D.
This appeal involves the issue of respondent Esther W. Rowe's right to benefits under the Temporary Disability Benefits Law. The Board of Review, Division of Employment Security (Division), held that she was entitled to benefits. New Jersey Bell Telephone Company, Mrs. Rowe's former employer, appeals.
The undisputed facts are as follows. On August 9, 1961 Mrs. Rowe was an employee of the New Jersey Bell Telephone Company (company). She was pregnant at the time. On that date she left work as a result of vaginal bleeding due to the pregnancy. Her husband telephoned the company on August 10, 1961, to say that Mrs. Rowe was resigning from her job on the advice of her doctor, and on August 17 *146 the company received Mrs. Rowe's letter of resignation dated August 9, 1961.
The company does not dispute that Mrs. Rowe's condition on August 9, 1961, due to pregnancy, rendered her unable to continue to work, and that such condition and inability persisted until the birth of her child on October 5, 1961. On December 7, 1961 Mrs. Rowe, after recovering from the effects of pregnancy, reapplied for her former job but was not rehired due to "economic conditions."
A claim for benefits under the Temporary Disability Benefits Law was filed by Mrs. Rowe on August 21, 1961, and she was held to be eligible for benefits at the rate of $31 a week for the four weeks preceding and the four weeks following the birth of her child. The company has appealed this ruling on the ground that Mrs. Rowe was not eligible for any benefits under said law.
The purpose of the Temporary Disability Benefits Law in the system of social legislation enacted in this State is set forth in Butler v. Bakelite Co., 32 N.J. 154, 160-162 (1960). In essence, the law was designed to protect persons in employment against wage loss due to nonoccupational sickness or accident by providing for the payment of benefits in such situations. Actually the law defines a "covered individual" as "any person who is in employment * * * or who has been out of such employment for less than two weeks."
Under the Temporary Disability Benefits Law an employee may be covered under either the state plan or a private plan. In the instant case the company had a private plan covering those of its employees who have two or more years of service. However, Mrs. Rowe, having had less than two years of service, was not covered by the private plan. Therefore, any benefits to which she might be entitled were under the state plan. N.J.S.A. 43:21-37.
The dispute herein stems from the nature of the sickness which rendered Mrs. Rowe unable to work. Originally the Temporary Disability Benefits Law provided coverage for an employee who suffered "any accident or sickness" which was *147 nonoccupational and disabling, N.J.S.A. 43:21-29, except that no benefits were payable to any person "for any period of disability due to pregnancy." N.J.S.A. 43:21-39(c).
Parenthetically, it is to be noted that at the time of the adoption of the Temporary Disability Benefits Law in 1948, the Legislature also amended the Unemployment Compensation Law to provide that where an unemployed individual suffers a disabling noncompensable accident or sickness and would be entitled to unemployment compensation benefits except for his inability to work, he should nonetheless receive such benefits, to be paid, however, from the state fund created under the Temporary Disability Benefits Law (rather than from the Unemployment Compensation Fund). The amendment, however, contained a proviso that no benefits should be payable "for any period of disability due to pregnancy." N.J.S.A. 43:21-4(g) (2), L. 1948, c. 110, § 20. The amendment in subsection (g) (7) also provided that no benefits shall be payable "for any period of disability commencing while such individual is a `covered individual' as defined in * * * the Temporary Disability Benefits Law." L. 1950, c. 172, § 2.
In 1961 (L. 1961, c. 43, effective July 1, 1961) the Legislature amended the Temporary Disability Benefits Law to permit, inter alia, the payment of benefits for a disability due to pregnancy during the four weeks immediately before the expected birth of child and the four weeks following the termination of the pregnancy. This was accomplished by amending section 29 (N.J.S.A. 43:21-29) to read:
"Disability shall be compensable subject to the limitations of this act, where a covered individual suffers any accident or sickness not arising out of and in the course of his employment or if so arising not compensable under the workmen's compensation law (Title 34 of the Revised Statutes), and resulting in his total inability to perform the duties of his employment. For the purposes of this act, pregnancy may be deemed to be a sickness during the 4 weeks immediately preceding the expected birth of child and the 4 weeks immediately following the termination of the pregnancy." (Amendment italicized.) *148 and by amending section 39(c) (N.J.S.A. 43:21-39(c) to read:
"Notwithstanding any other provision of this act, no benefits shall be payable under the State plan to any person:

* * * * * * * *
(c) for any period of disability due to pregnancy or resulting child-birth, miscarriage, or abortion, except for disability existing during the 4 weeks immediately before the expected birth of child, and the 4 weeks following the termination of the pregnancy." (Amendment italicized.)
At the same time, the Legislature amended the Unemployment Compensation Law to allow benefits to an individual who while unemployed becomes disabled due to pregnancy, "during the 4 weeks immediately before the expected birth of child, and the 4 weeks following the termination of the pregnancy." N.J.S.A. 43:21-4(f) (1) (B).
In the instant case the Division ruled that Mrs. Rowe became disabled due to pregnancy on August 9, 1961, and while such disability was not compensable at that time, it became compensable on September 7, 1961 (4 weeks prior to the birth of her child). The Division held that Mrs. Rowe's eligibility for temporary disability benefits was determined by her status on the first day of her period of actual disability, and since Mrs. Rowe was a covered individual (in employment) at that time she became entitled to the benefits later accruing.
The company's position is that inability to work on account of pregnancy is not a disability for the purposes of the Temporary Disability Benefits Law except during the four weeks before birth and the four weeks following termination of the pregnancy. The company therefore argues that Mrs. Rowe's inability to work due to pregnancy was not a disability under the Temporary Disability Benefits Law until September 7, 1961, at which time she was unemployed and could not claim benefits under the Temporary Disability Benefits Law. If anything, says the company, Mrs. Rowe's claim for benefits should be under the pregnancy disability *149 provision of Unemployment Compensation Law. N.J.S.A. 43:21-4(f) (1) (B).
Resolution of the dispute heretofore outlined is far from simple. The statute itself provides no clear-cut answer. As noted by Justice Hall in Butler v. Bakelite Co., 32 N.J., supra, at page 162, the provisions of the Temporary Disability Benefits Law are "somewhat bewildering."
The key question is whether or not Mrs. Rowe's status is to be determined as of August 10, 1961, the first day of her actual incapacity to work, or as of September 7, 1961, the first day of the four-week interval preceding the birth of her child. If the former date is applicable, unquestionably Mrs. Rowe is entitled to the temporary disability benefits paid her. If the latter date is to be used, she was not a covered individual at that time and not entitled to benefits under the act.
Mrs. Rowe's situation is somewhat similar to that which exists where an employee suffers a nonoccupational disabling sickness, is not under the care of a legally licensed physician for a four-week period, but thereafter is under such care. During the four-week period the person would not be entitled to benefits because not "under the care of a legally licensed physician." N.J.S.A. 43:21-39(b). However, for the remaining period of disability such person would be entitled to benefits. Manifestly, such person's status would be determined as of the first day of actual disability.
Our study of the entire law leads us to conclude that inability to work due to pregnancy is recognized as a disability. However, the period during which benefits for such disability are payable is limited to the eight-week interval specified. Viewed realistically, it cannot be disputed that Mrs. Rowe's ability to perform the duties of her employment was interrupted by a disabling illness with a consequent wage loss. This is the very situation the Temporary Disability Benefits Law was designed to meet. N.J.S.A. 43:21-26. True, the law limits the benefits which are payable for a disability due to pregnancy to a specified eight-week interval. However, that does not mean that an employee who becomes disabled *150 due to pregnancy prior to the eight-week interval, and whose disability continues up to and through the such interval with consequent wage loss, is not entitled to benefits under the Temporary Disability Benefits Law. To put it another way, Mrs. Rowe did not become disabled while unemployed. On the contrary, her disability was the cause of her unemployment.
We conclude that as applied to the factual situation herein presented, the construction placed upon the law by the Division was correct and Mrs. Rowe was properly held to be eligible for benefits.
The second point argued by appellant is concerned with the so-called "waiting week." Under the law, N.J.S.A. 43:21-39(a), no benefits are payable "for the first 7 consecutive days of each period of disability, * * * or for any period of disability which did not commence while the claimant was a covered individual." The company contends that even if Mrs. Rowe be eligible for temporary disability benefits, "the `waiting week' required by the law may not be served earlier than the eight-week period during which pregnancy can be compensable." The practical effect of the contention would be to reduce the benefit payment to Mrs. Rowe from eight weeks to seven weeks.
The Division disagreed with the company's contention and held that
"This so-called `waiting week' is the period of the first seven consecutive days of each period of disability and not, as is argued, the first seven days of the period for which benefits are payable."
In support of its argument the company refers to the language in N.J.S.A. 43:21-38(b) dealing with "Duration of benefits" and providing:
"* * * disability benefits shall be payable with respect to disability which commences while a person is a covered individual under this act, and shall be payable with respect to the eighth consecutive day of such disability and each day thereafter that such disability continues, * * *."
*151 We find no merit in this contention. The waiting week is established under section 39(a) and consists of the first seven days of the period of disability which, in the instant case, commenced on August 10, 1961. Therefore, Mrs. Rowe had served her waiting week prior to September 7, 1961, the date she became eligible for benefits. Section 38(b), supra, relied on by the company, deals rather with the duration of benefits after the waiting week has been served.
If the company's contention that "the `waiting week' required by the law may not be served earlier than the eight-week period during which pregnancy can be compensable" were correct, an admittedly covered individual unable to work due to pregnancy could not recover more than seven weeks' benefits despite the fact that the law provides for a maximum of eight weeks' benefits in pregnancy cases.
The conclusion is that the ruling by the Division was, in all respects, correct.
Affirmed.
LEWIS, J.A.D. (dissenting).
I concur in recognizing the lack of legislative clarity in our Temporary Disability Benefits Law.
It is undisputed, however, that (1) claimant's employment disability continued from August 9, 1961 to December 5, 1961; (2) such incapacity was due solely to a pregnancy sickness, albeit there was an involvement of complicated and abnormal consequences but, nonetheless, attributable entirely to pregnancy illness; and (3) her right to compensation benefits under the Temporary Disability Benefits Act is subject to the expressed limitations contemplated by the Legislature.
The pertinent conditions of N.J.S.A. 43:21-29 (L. 1961, c. 43, sec. 10) are: (1) a "covered individual" who suffers "an accident or sickness" not arising out of or in the course of employment, and (2) "disability" resulting in total inability to perform the duties of employment; subject to the further provision:
*152 "For the purposes of this act, pregnancy may be deemed to be a sickness during the 4 weeks immediately preceding the expected birth of child and the 4 weeks immediately following the termination of the pregnancy."
It is significant in the case at bar that claimant's husband, on August 10, 1961, telephoned appellant that his wife, on the doctor's advice, was resigning from her employment; and a letter of resignation, dated August 9, 1961, was sent by Mrs. Rowe to the company, which was received by it on August 17, 1961. Mrs. Rowe gave birth to her child on October 4, 1961. Her compensable pregnancy period was therefore measurable from September 7, 1961 and terminated on November 2, 1961.
As pointed out in the majority opinion, prior to the 1961 amendatory changes in the Unemployment Compensation Act and in the Temporary Disability Benefits Act, disability due to pregnancy was specifically excluded under each of those statutory laws. Under the latter, disability due to pregnancy was obviously intended to be sui generis and was not considered an "accident or sickness" within the legislative conception and use of that term in N.J.S.A. 43:21-29 (L. 1948, c. 110, sec. 5).
The amendment of both acts was accomplished by a single legislative enactment (L. 1961, c. 43) and reflects a declared policy to enlarge unemployment benefits to include a stated eight weeks' pregnancy period (N.J.S.A. 43:21-4(f)(1) (B)) and to qualify the language of the Temporary Disability Benefits Act (N.J.S.A. 43:21-29) to permit "[f]or the purposes of this act" that pregnancy may be deemed to be an eligible sickness only during the four weeks immediately preceding and the four weeks following child birth. In other words, it is manifest that a pregnancy illness before or after the arbitrary and pragmatic eight-week period may not be classified as an "accident or sickness" within the meaning of that statutory provision.
The definitions applicable to the Temporary Disability Benefits Law are enumerated in N.J.S.A. 43:21-27, wherein "disability" (subdivision (e)) is defined to mean *153 "such disability as is compensable under section five of this act [N.J.S.A. 43:21-29]," and "covered individual" (subdivision (b)) means any person who is in employment, as defined in the act, "for which he is entitled to remuneration from a covered employer, or who has been out of such employment for less than two weeks."
It therefore seems clear that on August 9, 1961, when claimant became disabled, her disability was not of a compensable nature, nor was the nature of her disability compensable at any time within the two-week period following the severing of her employment relations. True, she was a covered employee, but only as to "accident and sickness" other than pregnancy (unless within the statutory period). True, she was disabled, but her "disability" was not within the definition of that word as used in N.J.S.A. 43:21-27(e).
The majority points to an illustrative situation under N.J.S.A. 43:21-39(b). That section provides for limitations of benefits. It does not comprehend the ascertainment of who is entitled to payments, or the corollary problem of what constitutes compensable disability. The answers to these questions must be found within the perimeters of the statutory provisions heretofore discussed. The distinction, as I see it, is that in the present case Mrs. Rowe did not suffer an eligible or compensable disability on August 9, 1961 or at any time during the two-week period following her voluntary termination of employment.
On September 7 (four weeks before child birth) and since August 10, 1961 claimant was unemployed. Her claim therefore, logically and legislatively, is under the Unemployment Compensation Law and not under the Temporary Disability Benefits Law. In so determining, the collateral issue respecting the "waiting week" is not reached. The question of liberal construction of our social laws is not here involved. The issue is not the right to receive compensable benefits, but rather the source of payment.
For the reasons stated, I vote to reverse the decision of the Board of Review.