MARY SHAUGHNESSY, APPELLANT, v. BOARD OF REVIEW, IN THE DEPARTMENT OF LABOR AND INDUSTRY OF NEW JERSEY, AND RUTGERS THE STATE UNIVERSITY OF NEW JERSEY, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted March 13, 1978—Decided June 7, 1978.

Before Judges FRITZ, BOTTER and ARD.

*Messrs. Seiffert, Frisch, Gruber & Cafferty,* attorneys for appellant (*Mr. Thomas J. Cafferty* on the brief).

*Mr. John J. Degnan,* Attorney General of New Jersey, attorney for respondent Board of Review (*Mr. William F. Hyland,* former Attorney General of New Jersey, *Mr. Michael S. Bokar,* Deputy Attorney General, of counsel, and *Ivan J. Punchatz,* Deputy Attorney General, on the brief).

No brief was filed for respondent Rutgers University.

PER CURIAM. Appellant seeks to overturn the denial of unemployment benefits for the period of July 12, 1976 through September 22, 1976. All levels of review in the agency found appellant ineligible.

Appellant was employed as a College Health Nurse, R.N., at the Willet Health Center operated by Rutgers University, working part-time at variable periods totalling approximately 20 hours each week. She held the job for ten years, doing no other work. Her work ends in May or June when the college closes for the summer and resumes in September for the regular school term. The evidence shows that appellant made some effort to seek employment during the summer recess. She applied for work at two hospitals and one college. The college, Trenton State, was also in summer recess. She was also listed in the telephone book but received no calls for employment. Although she claims to have been available for full-time work, she also testified that she advised prospective employers that she would be returning to her regular college job in September, and they would not hire her for the summer only. She testified that she expected to return to her job at the college in September as she had done for the past ten years.

On the evidence in the record the Board of Review properly concluded that appellant was not available for work and was not actively seeking work within the meaning of *N. J. S. A.* 43:21-4(c). She considered herself an employee of

Rutgers at all times and attached conditions to prospective employment which made it virtually impossible to obtain work outside of her regular job. By giving such preference to that job appellant unduly limited her search for other employment. See *Worsnop v. Board of Review,* 92 *N. J. Super.* 260 (App. Div. 1966). Temporary availability during the summer is unduly restrictive for the work appellant was seeking. *Chickey v. Comm., Unemployment Comp. Bd. of Rev.,* 16 *Pa. Cmwlth.* 485, 332 *A.* 2d 853 (Cmwlth. Ct. 1975); *De Leon v. Texas Employment Comm'n,* 529 *S. W.* 2d 268 (Tex. Civ. App. 1975).

Appellant has effectively limited herself to employment for approximately eight months of the year. In these circumstances unemployment benefits should be denied.

Affirmed.