## (September 11, 1980)

In the Matter of the Claim of Joan Miller, Appellant. Philip Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 11, 1979. Claimant, a per diem substitute teacher, was employed until June, 1979, by the New York City Board of Education. Her name was listed with five or six schools and she also submitted her name to a teacher registry which had written her in August asking her to sign up. Claimant testified that it is the registry which calls you and assigns you to schools. A witness for the employer testified that claimant was sent a letter, dated June 15, 1979, stating that employment opportunities would exist in the coming year, as they had in the 1978-1979 school year. On July 5, 1979, claimant indicated in a signed statement to the local unemployment office that she expected to return to work in the fall semester as a substitute teacher. The board found that claimant had reasonable assurance that she would be rehired during the following school year and concluded, therefore, that she was ineligible to receive benefits pursuant to subdivision 10 of section 590 of the Labor Law. This appeal ensued. In order for claimant to be held ineligible to receive benefits, it must be determined that she had reasonable assurance that she would perform services in an instructional capacity in the next successive or regular academic year or term (Labor Law, § 590, subd 10). Policy considerations concerning the intended scope of subdivision 10 of section 590 of the Labor Law are involved herein and consequently, "the question is one to the determination of which the Appeal Board may bring to bear its own special competence in carrying out the supervisory authority conferred on it by the Legislature." (Matter of Fisher [Levine], 36 NY2d 146, 150.) If the board's interpretation of the statute in question is not irrational or unreasonable, it should be upheld (Matter of Howard v Wyman, 28 NY2d 434, 438; Matter of Dwyer [Ross], 72 AD2d 853). Upon reviewing the statutory language involved and considering the purpose of the Unemployment Insurance Law, we cannot say on this record that the decision of the board is irrational or unreasonable and, therefore, it should not be disturbed. Claimant argues that subdivision 10 of section 590 of the Labor Law is violative of the equal protection guarantee of the United States and New York State Constitutions in that her entitlement to unemployment benefits differs due to her employment with an educational institution. Since the classification does not involve a suspect classification or a fundamental interest, the rational basis test applies and the classification will not be set aside if any state of facts reasonably may be conceived to justify it (People v Drayton, 39 NY2d 580, 584, 585). It is the opinion of this court that the State has a legitimate interest in alleviating the severe financial burden on school districts which would be imposed upon them if they were required to finance unemployment insurance benefits for employees traditionally unemployed during the summer months. The classification contained in subdivision 10 of section 590 of the Labor Law is reasonably related to this interest and, therefore,

we find no denial of equal protection to claimant. Accordingly, the decision of the board must be affirmed. *Decision affirmed, without costs.* Mahoney, P. J., Sweeney, Main, Mikoll and Herlihy, JJ., concur.