**INDIANAPOLIS PUBLIC SCHOOLS,**
Defendant-Appellant,

v.

**REVIEW BOARD OF the INDIANA EM-PLOYMENT SECURITY DIVISION, David L. Adams, Acting Chairman and Paul M. Hutson as Members of and as Constituting the Review Board of the Indiana Employment Security Division, and Patricia Whorton, Claimants-Appellees.**

No. 2–984–A–287.

Court of Appeals of Indiana,
First District.

Jan. 24, 1985.

Fredrick L. Rice, General Counsel, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Kenneth P. Williams, Deputy Atty. Gen., Indianapolis, for claimants-appellees.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

Indianapolis Public Schools (IPS) appeals a decision by the Review Board of the Indiana Employment Security Division (Review Board) finding Patricia A. Whorton (Whorton) eligible for unemployment benefits. We reverse.

## FACTS

Patricia Whorton has worked as a substitute teacher for the Indianapolis Public Schools from 1973 to the 1983–84 school year. Whorton is not licensed but rather has received a certificate from the Indiana Department of Education which, by law, permits her to substitute teach 120 days each academic year the certificate is valid. Whorton was paid only for those days she actually worked and compensation for the 1983–84 school year was $30.00 per day.

Near the end of the 1983–84 school year, IPS notified Whorton of substitute teaching work which would be available in the following school year. Whorton received forms and applications to be completed and returned to IPS so it could determine whether or not she was interested in continuing to substitute. Whorton did not fill out the forms and applications but rather filed a claim for unemployment benefits for the summer months.

At a hearing before a referee, Whorton indicated that she was more interested in seeking a full-time teaching position. However, before being considered for a full-time position, Whorton needed to be licensed by the state and not merely certified for substitute teaching. A representative of IPS testified that even if licensed, Whorton would have difficulty obtaining a full-time position because IPS was planning staff cut-backs. Regarding substitute positions, the representative stated that while substitute teachers would be needed in the 1984–85 school year he could not guarantee 120 days of substitute teaching would be available to Whorton. Likewise, even if she obtained a license, the representative could not guarantee enough substitute positions the coming year to make compensation for substitute teaching comparable to a full-time teaching salary.

After this hearing, the referee affirmed a deputy's earlier ruling that Whorton was ineligible for unemployment compensation for the 1984–85 school year. Whorton appealed this decision to the Review Board which reversed.

"DECISION: The decision of Referee Barton in Case No. 84-A-8134, mailed July 30, 1984, is hereby reversed this 13th day of August, 1984. Claimant, if otherwise eligible, is entitled to benefits under Chapter 14-7 of the Act effective week ending June 2, 1984. (see Fort Wayne Community School vs. Review Board, 1981)"

Record at 31. IPS now appeals the Review Board's ruling.

## ISSUE

While the appellant raises three issues we believe they can be consolidated into a single question. Was the Review Board's finding that Whorton did not have a reasonable assurance of employment contrary to law?

## DISCUSSION AND DECISION

█ A teacher is disqualified from receiving unemployment compensation if he has a reasonable assurance of employment during the following school year. Indiana Code section 22-4-14-7(2) states:

"(2) With respect to services performed in any capacity (other than those listed in subdivision (1) of this section) for an educational institution, benefits may not be paid based on the service of an individual for any week which commences during a period between two [2] successive academic years or terms if the individual performs the service in the first of the academic years or terms and there is reasonable assurance that the individual will perform the service in the second of the academic year or terms."

The specific fact situation presented has never before been addressed by an Indiana court. Other courts faced with the issue of whether or not substitute teachers may collect unemployment have found such individuals ineligible as long as substitute teaching positions are available to them the following academic year. *Milkowski v. Illinois Department of Labor* (1980), 82 Ill. App.3d 220, 37 Ill.Dec. 644, 402 N.E.2d 646; *Patrick v. Board of Review* (1979), 171 N.J.Super. 424, 409 A.2d 819; *Miller v.*

*Ross* (1980), 78 A.D.2d 561, 431 N.Y.S.2d 725. *Patrick* and *Miller* involved statutes similar to Ind.Code § 22-4-14-7(2) and each case turned on the issue of whether the substitute teacher had a reasonable assurance of employment the following year. In both cases the courts concluded a reasonable assurance of employment existed if substitute teaching positions were going to be available to the claimants in the following academic year. *Patrick*, 409 A.2d at 821; *Miller*, 431 N.Y.S.2d at 726.

█ In the case at bar the Review Board made the following findings and conclusions:

"The Review Board finds that claimant performed duties as a substitute teacher during the school year 1983-1984 which ended on June 2, 1984.

It further finds that claimant will be available for a substitute teaching position during the school year 1984-85.

It further finds that the evidence of record is void of any competent evidence of probative value submitted by employer to make a finding of ultimate fact that claimant has reasonable assurance of employment during the school year 1984-85.

The Review Board concludes that claimant's performing services as a substitute teacher for the ensuing term does not constitute a reasonable assurance of employment within the meaning of the Act.

It further finds that it is unreasonable to conclude that performing services as a substitute teacher, which might be infrequent, and at a greatly reduced rate of pay, constitutes a reasonable assurance of employment; therefore, claimant has no reasonable assurance of employment for the ensuing school year."

Record at 30. We must affirm the Review Board's finding of fact unless reasonable persons would be bound to reach a different conclusion. *Yoldash v. Review Board* (1982) Ind.App., 438 N.E.2d 310. However, the finding that the record was void of any evidence Whorton had a reasonable assurance of employment is simply untenable. IPS established that Whorton was sent no-

tice of, and an application for, substitute teaching positions available in the following academic year. She was also invited to attend a workshop for all substitute teachers who would be working for IPS in the 1984–85 school year. At the hearing Whorton admitted receiving the correspondence, application, and invitation. After examining the record we are bound to reach a conclusion different from that of the Review Board. Clearly, IPS planned to offer substitute teaching positions to Whorton during the 1984–85 school year, as they become available. She, therefore, had a reasonable assurance of employment the following year. *Patrick*, 409 A.2d at 821; *Miller*, 431 N.Y.S.2d at 726.

The Review Board contends that merely offering Whorton the possibility of substitute positions the following year does not constitute a reasonable assurance of employment. In support of its argument the Review Board cites *Fort Wayne Community Schools v. Review Board* (1982), Ind. App., 428 N.E.2d 1379 *trans. denied*. The present case, however, is readily distinguishable because *Fort Wayne* involved a full-time teacher who was laid off but then placed on the substitute teaching list for the following academic year. This court held that putting a previously full-time teacher on a substitute teacher list did not constitute a reasonable assurance of employment for the following year. *Id.* at 1385. Our rationale in *Fort Wayne* was based in part on the change in the character of employment when a teacher involuntarily goes from full-time to substitute. *Id.* quoting *Johnson v. Independent School District No. 535* (1980), Minn., 291 N.W.2d 699. We also warned against applying Fort Wayne to a situation like the one presented here. "[The *Fort Wayne*] case is in vivid contrast to the many cases standing for the proposition that a substitute teacher has a disqualifying 'reasonable assurance' of employment if substitute teaching will be available in the succeeding year. [Citations omitted.]" *Fort Wayne*, 428 N.E.2d at 1384 *quoting Sulat v. Board of Review* (1980), 176 N.J.Super. 584, 589, 424

A.2d 451, 453. Therefore, *Fort Wayne* does not control the outcome of this case.

We conclude Whorton had a reasonable assurance of employment the following academic year as a matter of law because substitute teaching positions were going to be available. *Patrick; Miller.* Therefore, pursuant to Ind.Code § 22–4–14–7(2) Whorton is ineligible for unemployment compensation. Accordingly, we reverse the Review Board's ruling.

NEAL and ROBERTSON, JJ., concur.