No. 84-550

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

SCHOOL DISTRICT NO. 1 and A,
CASCADE COUNTY,

                Petitioner and Respondent,

    -vs-

MONTANA DEPARTMENT OF LABOR
and INDUSTRY, GAIL HAHN, TERRY
THOMPSON, et al.,

                Respondents and Appellants.

APPEAL FROM:  District Court of the Eighth Judicial District,
                In and for the County of Cascade,
                The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        Hilley & Loring, Great Falls, Montana
        James Gardner, Dept. of Labor & Industry,
        Helena, Montana

    For Respondent:

        Waite, Schuster & Larson, Great Falls, Montana

                  Submitted on Briefs:  March 7, 1985

                            Decided:  July 11, 1985

Filed:  JUL 11 1985

*Ethel M. Harrison*
_____
                Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Appellants appeal an order of the District Court of the Eighth Judicial District, Cascade County, denying their motion for summary judgment, granting the School District's motion for summary judgment and finding appellants ineligible for unemployment compensation during the summer of 1981. We affirm.

The School District planned a district-wide reduction in its teaching staff in the spring of 1981. It notified the six individual appellants in March, 1981 that their teaching contracts would not be renewed for the 1981-1982 school year. Each of the appellants immediately challenged the non-renewal either through the grievance procedure in their collective bargaining agreement or in a proceeding before the Cascade County Superintendent of Schools using the procedure in section 20-4-204, MCA. Eventually all six appellants were reinstated with back-pay, the right to full advancement on the salary schedule and no loss of seniority, tenure rights or benefits as a result of their challenge. Those who expended funds looking for other teaching positions during the summer, were reimbursed for those costs by the School District if they requested it.

The appellants individually applied for unemployment compensation during the summer of 1981. They were eligible for and received benefits at that time pursuant to section 39-51-2108, MCA. This dispute concerns repayment of the benefits received during those months.

Gail Hahn was rehired by the School District, on a part-time basis, on August 25, 1981 and three weeks later, became a full-time teacher. She stopped drawing unemployment

2

compensation when rehired. Terry Thompson was rehired on September 21, 1981 and stopped drawing unemployment compensation. Howard Hahn was rehired on a part-time basis on August 22, 1981, stopped drawing unemployment compensation, and became full-time two weeks later. John Chase was rehired by the School District in late July, 1981 on a part-time basis and filed no claims for unemployment compensation after July 25, 1981. Janis Storm was rehired in February of 1982. After her return an arbitrator ruled she had been terminated in violation of the collective bargaining agreement and ordered reinstatement and back-pay. She has repaid to the State the unemployment compensation she drew after August 26, 1981, the period for which she received back-pay. Carl Rosenleaf was the only one of the six not recalled voluntarily by the School District. On March 31, 1982 an arbitrator ordered his reinstatement with back pay to August 26, 1981. He has repaid the State the unemployment compensation received since August 26, 1981, the period for which he received back-pay. When the School District rehired the five teachers, except Rosenleaf, they were kept on the School District's payroll with their original dates of hire. Rosenleaf, reinstated by the arbitrator, also has his original date of hire.

In October 1982, the Unemployment Insurance Division of Montana's Department of Labor and Industry notified the appellants that all unemployment compensation should be repaid due to their reinstatements and back-pay awards. All six appellants challenged the demand. There was also a question on whether Gail Hahn and Janis Storm timely filed their request for review.

After that review, the Appeals Referee determined that five of the appellants did not have to repay the summer unemployment compensation. The Referee also ruled that since Janis Storm had not filed a timely appeal, the determination as to her overpaid benefits would stand. The Board of Labor Appeals affirmed the Referee's decision that the five teachers would not have to repay the summer benefits and reversed the decision regarding Janis Storm. The Board concluded that the untimeliness of her appeal was immaterial and excusable under the circumstances and ruled that none of the appellants had to repay the summer unemployment compensation they had received.

The School District appealed to the District Court which reversed the decision of the Board of Labor Appeals. Appellants and the School District agreed that there were no facts in dispute and made motions for summary judgment. In a memorandum decision and order filed November 15, 1984, the District Court ruled that, as a matter of law, the six teachers were ineligible for unemployment compensation during the summer of 1981 in accordance with the statutory provisions of section 39-51-2108, MCA. The District Court also noted that this ruling rendered the issue of the timeliness of the appeal of two teachers moot.

The issue on appeal is whether the District Court erred in concluding that the six appellants had to repay the unemployment compensation they received during the summer of 1981.

Section 39-51-2108, MCA provides that benefits to teachers "may not be paid to an individual for any week of unemployment which begins during the period between two successive academic years . . . if the individual has a

4

contract to perform services in any such capacity for any such educational institution for both such academic years . . . "

The appellants argue that, at the time they received benefits, they did not have a renewed teaching contract for the following year and thus were eligible for those benefits. The School District contends that appellants were fully reinstated and were in exactly the same status as if renewal contracts had been offered to them in the spring of 1981. Thus, appellants were ineligible for unemployment compensation. The School District does not dispute that appellants were eligible for the benefits when received during the summer of 1981.

The main considerations in this case concern the difference between "rehired" and "reinstated" and whether the facts are viewed only from the point in time of the spring of 1981 or are viewed from the time of the hearing. Teachers in the School District have been rehired or voluntarily recalled after termination at other times and were not required to repay unemployment benefits received during the time of their unemployment. The appellants here were reinstated and made whole with no loss of wages, seniority, tenure rights or any other benefits, unlike teachers who were rehired. The full reinstatement of appellants put them in the same position as if they had contracts in March 1981 for the following year. This amounts to more than merely being rehired. The reinstatement relates back, in effect, to time of the termination and appellants "[have] a contract to perform services . . . for both such academic years." Section 39-51-2108, MCA.

Section 39-51-2108, MCA focuses on the teacher's continuing contract status rather than earnings in determining whether he or she is eligible for summer unemployment benefits. Other courts interpreting similar statutes also recognize that status is controlling. They hold that if the claimant has a reasonable assurance or a reasonable expectation of returning to work after the break between two academic terms, unemployment compensation benefits will be denied. Receipt of wages during the break is not a factor. See, e.g., Friedlander v. Employment Division (Or.App. 1984), 676 P.2d 314; Patrick v. Board of Review (N.J.App. 1979), 409 A.2d 819; and Davis v. Commonwealth Unemployment Compensation Board of Review (Pa. 1978), 394 A.2d 1320. With reinstatement, appellants regained the continuing contract status they had initially lost. Their status is the same as if the contracts had been renewed in the spring of 1981 and they had received no summer wages as a result of that status. Thus appellants' argument that they should not have to repay the summer unemployment benefits because no back-pay was attributable to those months must fail.

We recognize that the case at bar differs from those cited above. Here, appellants were eligible when they initially sought benefits and subsequent events affected that initial eligibility. However, appellants are precluded from arguing that subsequent events never affect eligibility for unemployment benefits. Those appellants who received benefits for part of the fall 1981 academic term were required to repay or voluntarily repaid the portion of the benefits received for that term, even though they were eligible for those benefits when received. The subsequent

6

reinstatement affected their fall eligibility and appellants cannot argue the subsequent reinstatement could not affect their summer eligibility.

We therefore hold that the District Court correctly interpreted section 39-51-2108, MCA and correctly required that the six individual appellants must repay unemployment compensation received for the summer of 1981 and affirm the ruling of the District Court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

7

Mr. Justice William E. Hunt, Sr, dissenting:

I dissent and would reverse.

Section 39-51-2108, MCA, states that benefits may not be paid during the period between successive academic years if the individual has a contract for both years. The important part of this statute that applies here is "if the individual has a contract for both years."

The individuals had no contract for both years. They had been advised that their contracts would not be renewed for the following year. Because they had no contract they were properly eligible and properly paid benefits during the period.

The majority now holds that these proper payments are "improper" because subsequent reinstatement relates back. The individuals are, therefore, to be placed in the same position as if they had contracts for both years. I disagree.

The benefits were properly paid and they cannot now be made to be improper. No contract existed for the required "both years" during the relevant period and it cannot now be made to exist. Whether the individuals here were "re-hired" or "reinstated," or whether the contracts were "renewed," it is inescapable that no contract existed during the period in which benefits were paid. Absent an existing contract for the requisite "both years," § 39-51-2108 simply does not apply to prohibit payment of benefits and it cannot be applied to require the individuals to now reimburse for the benefits properly paid.

_William E. Hunt_
Justice

8