**INDIANAPOLIS PUBLIC SCHOOLS, Appellant (Claimant Below),**

v.

**REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, John C. Mowrer, David L. Adams, and Joe A. Harris, as members of and as constituting the Review Board of the Indiana Employment Security Division, and Luther E. Horton, Appellees (Respondents Below).**

**No. 2–985A305.**

Court of Appeals of Indiana, First District.

Jan. 28, 1986.

John Wood, Bamberger & Feibleman, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellees.

ROBERTSON, Presiding Judge.

Indianapolis Public Schools (IPS) appeals the decision of the Review Board of the Indiana Employment Security Division (Review Board) granting unemployment compensation benefits to Luther E. Horton (Horton).

We reverse.

The evidence established the following undisputed facts: Horton taught as a licensed substitute teacher for IPS for several years. As a licensed substitute teacher, Horton could teach a maximum of 180 days per school year. Horton actually taught as many as 142 days during the 1984–85 school year, and as few as two days during the 1982–83 school year.

Horton's regular teaching license expired on August 20, 1984, after the 1984–85 school year had begun. Consequently, Horton was permitted to teach as a licensed substitute for the remainder of the 1984–85 school year. However, Horton was required to renew his teaching license in order to teach as a licensed substitute for 1985–86. His regular teaching license

could be renewed if Horton satisfactorily completed 12 credit hours toward a master's degree. Horton's attempt to satisfy those requirements in the final year covered by his license was unsuccessful because he failed to maintain a "B" average at Indiana University-Purdue University at Indianapolis, with the result that the university could not recommend renewal of his license.

As an unlicensed substitute teacher, Horton could teach a maximum 60 days per semester, or 120 days per school year. In addition, Horton would be paid at a rate of $30 for each day he taught, a decrease from the $35 daily rate paid to licensed substitute teachers.

In May 1985, Martha Engle, IPS supervisor of substitute teachers, sent Horton a letter in which she assured Horton that his services as a substitute teacher would be needed in the coming school year. She invited him to return the Personnel Data Sheet on which he could give his teaching preference and availability. Horton testified he had not returned the Data Sheet, but said he intended to tell IPS that he would teach any days he was needed during 1985–86.

Horton applied for unemployment compensation benefits during the summer months between the 1984–85 and 1985–86 academic years. His application was denied by a deputy of the Employment Security Division. An appeals referee reversed the deputy's determination, and found Horton entitled to benefits. The Review Board affirmed and adopted the findings and decision of the referee on July 31, 1985.

ISSUE

The issue germane to this appeal is whether the Review Board's order finding that Horton had not received reasonable assurance of employment in the next school term was contrary to law?

DISCUSSION and DECISION

The basis for the decision of the Review Board is IND.CODE 22–4–14–7(a)(1) (Supp. 1984). In pertinent part, that statute makes teachers ineligible for unemployment compensation benefits during the period between academic years or terms if the teacher performed services in the first of the academic years and if there is a "reasonable assurance" that the individual will perform services in the second of the academic years or terms. The Review Board found that the diminution in Horton's daily rate of pay and in the potential number of days he could work, occasioned by the expiration of his teaching license, constituted a substantial change in the character of his employment. The Review Board consequently found there was not a reasonable assurance of employment in the academic year 1985–86.

This court first had occasion to interpret I.C. 22–4–14–7 in *Fort Wayne Community Schools v. Review Board of Indiana Employment Security Division*, (1981) Ind. App., 428 N.E.2d 1379. In *Fort Wayne*, Starbuck had been employed four semesters as a full-time teacher when he received notice from his employer that he would be subject to layoff for the next school year due to a reduction in teaching positions. When Starbuck's layoff was confirmed in March of the ongoing school year, his name was included on a list of substitute teachers. This court affirmed the Review Board's decision finding Starbuck eligible for benefits. The court concluded in part that placement of Starbuck's name on a substitute teacher list did not constitute reasonable assurance of employment. The holding in *Fort Wayne* was confined to the facts before the court:

"... we conclude that a regular teacher who is laid off from his employment because of a reduction in the number of teaching positions is not disqualified from drawing unemployment compensation ... by being placed on the substitute teacher list for the ensuing term since such does not constitute a reasonable assurance of employment ..."

In contrast with *Fort Wayne* is *Indianapolis Public Schools v. Review Board of Indiana Employment Security Division*, (1985) Ind.App., 473 N.E.2d 155. There, the court of appeals reversed the

Review Board's determination that Whorton was eligible for benefits under I.C. 22–4–14–7. Whorton had worked as a substitute teacher for IPS for several years. She had never held a teaching license, although she had a certificate which entitled her to substitute teach. Although Whorton was notified that substitute teaching would be available during the coming school year, Whorton failed to complete application forms, filing instead a claim for unemployment benefits. Because substitute teaching positions were going to be available, Whorton had a reasonable assurance of employment as a matter of law. *Indianapolis, supra.* Judge Ratliff distinguished *Fort Wayne* in *Indianapolis,* in part by noting that where a formerly full-time teacher is offered a substitute teaching position, such constitutes a "change in the character" of employment, not evident in Whorton's case. *Indianapolis, supra* at 158.

In the case at bar, Review Board maintains that the "substantial change in the character of [Horton's] employment" brings this case under the rationale of *Fort Wayne.* We disagree. The cornerstone of *Fort Wayne* is that relegation of a full-time teacher to a substitute position, in which he is subject to the vicissitudes of his employer's requirements for substitutes, cannot constitute reasonable assurance of employment. While Horton will certainly realize a reduction in his income due to the restrictions on unlicensed substitute teachers, the character of his employment from one academic term to the next will essentially remain the same.

Moreover, Horton's change in employment was not brought about by action of IPS. Unlike Starbuck in *Fort Wayne,* Horton's teaching opportunities were not reduced due to cut-backs in teaching positions. Rather, Horton was offered work as an unlicensed substitute when his regular teaching license expired and Horton had not successfully completed requirements for its renewal.

Upon receipt of the IPS letter of May 1985, Horton had "reasonable assurance of employment" within the meaning of I.C. 22–4–14–7 as a matter of law.

Judgment reversed.

RATLIFF and NEAL, JJ., concur.