SCHOOL CITY OF EAST CHICAGO,
Defendant-Appellant,

v.

REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, John C. Mowrer, David L. Adams and Joe A. Harris, as members of and as constituting the Review Board of the Indiana Employment Security Division, and Iris Torres, Plaintiffs-Appellees.

No. 93A02–8611–EX–408.

Court of Appeals of Indiana,
Third District.

June 9, 1987.

William A. O'Rourke, Granack & O'Rourke, Hammond, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for plaintiffs-appellees.

GARRARD, Presiding Judge.

The School City of East Chicago (School) appeals a decision by the Review Board of the Indiana Employment Security Division (Review Board) finding that Iris Torres was not disqualified by IC 22–4–15–1 [1] from receiving unemployment benefits.

The facts are not disputed. Torres had her name listed as a substitute teacher with the school from 1984 to March 1986. Torres worked on an as-needed basis only. When a substitute teacher was required, the school's principal would contact one of many names on the substitute teacher list. The substitute teacher was under no obligation to accept the offer of employment.

Torres only worked two or three days for the school in 1984 and 1985, and last worked March 22, 1985. She received approximately thirty to thirty-five dollars per day. She was not under a contract of employment and received no benefits from the school other than her daily compensation.

Torres filed a claim record card for unemployment benefits January 6, 1986. During March 1986, Torres requested that her name be taken off the substitute teacher list because she had obtained other employment. At a hearing before a referee, the school sought to disqualify Torres under IC 22–4–15–1. The school claimed that by requesting that her name be taken off the list, Torres had left employment without cause and was, therefore, disqualified from receiving benefits.

The appeals referee affirmed the deputy and found that Torres was not disqualified by IC 22–4–15–1. This decision was adopted by the full Review Board on September 26, 1986. We affirm.

The sole issue raised by the school is whether the Review Board erred in holding that Torres left employment with good cause in connection with the work. However, the Review Board did not find that Torres left employment with good cause. The Review Board found that IC 22–4–15–1 was not applicable to the facts of this case. The conclusion of the Review Board is as follows:

"From the foregoing findings it is, therefore, concluded that claimant's actual separation from employer herein occurred on March 22, 1985 and that claimant's understanding with this employer involved claimant reporting to work strictly on an as-needed basis, the contract of employment lasting only for the period of time for which claimant was called, this conclusion being reached in light of the nature of the reimbursement, the amount of work claimant had with the employer, and the as-needed basis under which claimant served. That claimant kept her name on a substitute teacher list merely served to give notice to employer that claimant considered herself available for another working "contract." The claimant was at liberty to refuse the same. The claimant, by removing her name from that list, merely removed her name from availability for possible offers of work in the future, but did not sever any existing employment contract between the claimant and the employer. *As such, the claimant did not voluntarily leave employment with*

**1.** In pertinent part, IC 22–4–15–1 states:

"Sec. 1(a) With respect to benefit periods established on and after July 6, 1980, an individual who has voluntarily left his employment without good cause in connection with the work or who was discharged from his employment for just cause is ineligible for waiting period or benefit rights for the week in which the disqualifying separation occurred and until he has earned remuneration in employment equal to or exceeding the weekly benefit amount of his claim in each of eight (8) weeks."

*the employer by removing her name from the list.* The statutory disqualification for *benefits under Chapter 15, Section 1,* of the Act *would,* therefore, *not be applicable.*

DECISION: The deputy's determination is affirmed. The claimant, if otherwise eligible, is entitled to benefit rights." (emphasis added).

Specifically, the Review Board concluded that simply having one's name on a substitute teacher list is not employment as defined by IC 22–4–8.[2] Employment arose under this fact situation only when the school's principal contacted a substitute teacher and that substitute teacher accepted the offer of employment. Since having one's name on the substitute teacher list was not "employment," removing one's name was not "leaving employment." By removing her name from the substitute teacher list, Torres "merely removed her name from availability for possible offers of work in the future, but did not sever any existing employment contract...." IC 22–4–15–1 was not applicable because Torres did not leave "employment" by removing her name from the list.

The Court of Appeals may reverse findings of the Review Board of the Employment Security Division only if it determines that reasonable persons would be bound to reach a different conclusion. *Furr v. Review Bd. of Indiana Employment Sec. Div.* (1985), Ind.App., 482 N.E.2d 790. Here we cannot say the evidence would compel a reasonable person to reach a contrary result. IC 22–4–8–1 defines "employment" as service performed for remuneration or under any contract for hire. Torres was not under any contract of employment unless she accepted the principal's offer to substitute teach. She last worked March 22, 1985. In addition, she received remuneration only for days she worked. The Review Board was correct in finding that Torres did not leave employment by taking her name off the substitute teacher list, and that IC 22–4–15–1 was not applicable.[3]

Affirmed.

HOFFMAN and NEAL, JJ., concur.

2. IC 22–4–8–1 defines "employment" as follows: "'Employment,' subject to the other provisions of this Section, means service, including service in interstate commerce performed for remuneration or under any contract of hire, written or oral, expressed or implied."

3. We note that taking one's name off a substitute teacher list or failing to reregister one's name can be significant in disqualifying a substitute teacher under IC 22–4–14–7(2). Under IC 22–4–14–7(2) a substitute teacher is disqualified from receiving benefits between school terms if he has a reasonable assurance of employment during the following school year. *See Indianapolis Public Schools v. Review Board* (1986), Ind.App., 487 N.E.2d 1343; *Indianapolis Public Schools v. Review Board* (1985), Ind.App., 473 N.E.2d 155. Here no question of possible disqualification under IC 22–4–14–7(2) has been raised.