**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0194-18T4

ANDREA CARTWRIGHT,

 Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and SKC & CO. CPAS, LLC,

 Respondents.

_____

Submitted November 4, 2019 – Decided November 21, 2019

Before Judges Ostrer and Vernoia.

On appeal from the Board of Review, Department of Labor, Docket No. 142,654.

Andrea Cartwright, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Donna Arons, Assistant Attorney General, of counsel; Dipti Vaid Dedhia, Deputy Attorney General, on the brief).

Respondent SKC & Co. CPAs, LLC has not filed a brief.

PER CURIAM

Claimant Andrea Cartwright appeals from a Board of Review final decision finding her ineligible for disability benefits during unemployment under N.J.S.A. 43:21-4(f)(1) from February 15, 2015 through March 28, 2015, because she earned wages and otherwise certified she was able and willing to work during that period. There is substantial credible evidence supporting the Board's findings and claimant otherwise fails to demonstrate the Board's decision is arbitrary, capricious, or unreasonable. We therefore affirm.

Following the termination of her employment with SKC & Co. CPAs, LLC in November 2014, claimant applied for and received unemployment compensation benefits, which she collected until June 2015. On January 28, 2015, claimant delivered a child by cesarean section. Claimant did not apply for disability benefits until July 6, 2015. A Division of Temporary Disability Insurance deputy determined claimant was ineligible for temporary disability benefits because she filed her application late without good cause. Following claimant's appeal, the Appeal Tribunal affirmed the deputy's determination. The Board subsequently affirmed the Appeal Tribunal's decision.

Claimant appealed. In a sua sponte order, we reversed the Board's decision, finding that although claimant did not file her claim within "[thirty]

days after the commencement of the period of disability" as prescribed in N.J.S.A. 43:21-49(a)(2), the time period could be tolled or extended based on equitable considerations. Cartwright v. Bd. of Review, No. A-3883-15 (App. Div. Aug. 10, 2017) (order at 3). We determined the Board's finding claimant did not establish a basis allowing the late filing of her application for disability benefits "was unreasonable and lacked fair support in the record." Id. at 7. More specifically, we determined the Board did not consider the totality of the circumstances, including claimant's testimony she was unaware she was eligible for disability benefits, her employer's failure to provide information about her eligibility despite its knowledge she was in the third trimester of her pregnancy when her employment terminated, and the lack of evidence that her employer posted the required notices advising its employees of their eligibility for disability benefits. Ibid. We also found the employer's "failure to provide claimant with the needed information . . . clearly [led] to the confusion that caused [her] to file her . . . application late," id. at 4, and remanded for the Board to determine "the amount of benefits claimant should receive," id. at 7.

On remand, a deputy determined claimant was eligible for disability benefits during unemployment from December 28, 2014, to February 14, 2015, but was ineligible from February 15, 2015, to March 28, 2015, because she

A-0194-18T4

reported earning income commencing on February 15, 2015. The deputy explained that disability benefits during unemployment are paid only during periods that an individual is "unable to perform any type of work," and since claimant was able to work, and worked, following February 15, 2015, she was not disabled following that date.

Claimant appealed the deputy's decision. During the hearing before the Appeal Tribunal, claimant testified that from February 15, 2015, through March 28, 2015, she started a business filing client tax returns because she had been told by her employer that she was required to look for work while collecting unemployment benefits. She admitted earning income from her work and certifying to the Division she was able and available to work during that period. She explained that she did so because she was unaware she could have claimed she was disabled.

A Department of Labor examiner testified claimant was not entitled to disability benefits during unemployment from February 15, 2015, through March 28, 2015, because she "was working or receiving wages" and therefore "did not meet the requirement that she be completely disabled from any work or remuneration during that time period." The examiner explained that to qualify for disability benefits during unemployment, a claimant must be "totally unable

4

to perform any work."  In his closing statement, the examiner asserted that "[t]he fact that [claimant] performed the work . . . demonstrates she was not totally disabled," regardless of her intention or what she had been told about the benefits.

The Appeal Tribunal affirmed the deputy's determination claimant was ineligible for the benefits from February 15, 2015, through March 28, 2015.  The Appeal Tribunal observed N.J.S.A. 43:21-4(f)(1) provides that unemployed individuals shall be eligible to receive disability benefits during unemployment with respect to any week only if it appears "the individual has suffered any accident or sickness not compensable under the Workers' Compensation Law … and resulting in the individual's total disability to perform any work for remuneration."  The Appeal Tribunal rejected claimant's testimony she could not work during the period at issue because she "entered earnings during the weeks in question when she indicated that she was able and available for work." The Appeal Tribunal found that "to be eligible for disability benefits during unemployment a claimant must be totally unable to perform any work" and, here, claimant did not show she was unable to work between February 15, 2015, and March 28, 2015.  The Appeal Tribunal concluded claimant was ineligible for

disability benefits during unemployment under N.J.S.A. 43:21-4(f)(1) between February 15, 2015 and March 28, 2015.

The Board affirmed the Appeal Tribunal's determination. This appeal followed.

Our scope of review of an agency decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011) (citing Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980)). In challenging an agency conclusion, the claimant carries a substantial burden of persuasion, and the determination of the administrative agency carries a presumption of correctness. Gloucester Cty. Welfare Bd. v. N.J. Civ. Serv. Comm'n, 93 N.J. 384, 390-91 (1983). We also accord substantial deference to the agency's interpretation of a statute it is charged with enforcing. Bd. of Educ. v. Neptune Twp. Educ. Ass'n, 144 N.J. 16, 31 (1996).

We are also "obliged to defer to the Board when its factual findings are based on sufficient credible evidence in the record." Lourdes Med. Ctr. v. Bd. of Review, 197 N.J. 339, 367 (2009) (internal quotation marks and citations omitted). Indeed, "[w]e are not permitted to review the case as though we were the original factfinder and substitute our judgment for any disagreements we might have with the Board." Ibid. "Rather, we must determine whether the Board could reasonably have reached its conclusion based on the proofs." Ibid.

6                                                                    A-0194-18T4

We overturn an agency determination only if it is arbitrary, capricious, unreasonable, unsupported by substantial credible evidence as a whole, or inconsistent with the enabling statute or legislative policy. Barry v. Arrow Pontiac, Inc., 100 N.J. 57, 71 (1985).

Although acknowledging she performed work and earned income from February 15, 2015 through March 28, 2015, and certified to the Division she was able and willing to work during those weeks, claimant asserts the Board erred by determining she was ineligible for disability benefits during unemployment for that period. She argues that despite her employment, income, and representations, she was actually disabled and would not have worked, earned income, or made the representations if she was aware she could have claimed a disability as a result of the delivery of her child. We are not persuaded.

We first note that claimant is not eligible for benefits under the Temporary Disability Benefits Law, N.J.S.A. 43:21-25 to 43:21-71, which is "designed to protect persons in employment against wage loss due to nonoccupational sickness or accident" by providing payment of benefits. N.J. Bell Tel. Co. v. Bd. of Review, 78 N.J. Super. 144, 146 (App. Div. 1963). Under N.J.S.A 43:21-29(a), the disability of a covered individual "shall be compensable" if "the

disability is the result of the covered individual suffering an accident or sickness not arising out of and in the course of the individual's employment … and resulting in the individual's total inability to perform the duties of employment." A "covered individual" is "any person who is in employment … or who has been out of such employment for less than two weeks." N.J.S.A. 43:21-27(b)(1).

As the Appeal Tribunal correctly noted, claimant's employment ended on November 10, 2014, and she gave birth on January 28, 2015. She qualified for benefits as a covered individual under the Temporary Disability Benefits Law only until November 24, 2014, two weeks following the termination of her employment. Ibid. It was determined, and it is not disputed, that claimant's pregnancy related disability began on December 28, 2014.[1] The Appeal Tribunal found claimant is not a "covered individual" entitled to benefits under the Temporary Disability Benefits Law because she was not "out of . . . employment for less than two weeks" when her disability began. Ibid. Rather, her disability began more than six weeks after her employment ended. Benefits

---

[1] We rely on claimant's and the Board's agreement in their respective briefs that claimant's pregnancy related disability began on December 28, 2014. We note that the record on appeal does not include a decision, determination, or order to that effect.

A-0194-18T4

may not be awarded "for any period of disability which did not commence while the claimant was a covered individual." N.J.S.A. 43:21-39(c).

The Board adopted the Appeal Tribunal's factual findings regarding the dates of claimant's employment, termination of employment, and period of disability. We defer to those findings because they are supported by sufficient credible evidence. Lourdes Med. Ctr., 197 N.J. at 367. Claimant does not argue otherwise.

As the Board correctly determined, claimant's eligibility for disability benefits during unemployment is governed by the Unemployment Compensation Law, N.J.S.A. 43:21-1 to 43:21-24.4, which provides benefits "for the worker earning nothing, because he [or she] is out of work through no fault or act of his [or her] own, until he [or she] can find employment." Yardville Supply Co. v. Bd. of Review, 114 N.J. 371, 375 (1989) (quoting Schock v. Bd. of Review, 89 N.J. Super. 118, 125 (App. Div. 1965)). The law provides for the award of disability benefits during unemployment, but under defined and limited circumstances. See generally N.J.S.A. 43:21-4.

N.J.S.A. 43:21-4(f)(1) authorizes disability benefits during unemployment to individuals suffering "any accident or sickness not compensable under the workers' compensation law … and resulting in the

individual's total disability to perform any work for remuneration." The burden rests upon the claimant to establish his or her right to unemployment compensation benefits. Patrick v. Bd. of Review, 171 N.J. Super. 424, 426 (App. Div. 1979).

The Division qualified claimant for disability benefits during unemployment under N.J.S.A. 43:21-4(f)(1) from December 28, 2014, when her disability began, until February 14, 2015.[2] The Board determined claimant was disqualified from the benefits from February 15, 2015, through March 28, 2015, because during that period claimant worked, earned income, and certified she was not disabled, but instead was able and willing to work. The Board concluded claimant did not suffer from a "total disability to perform any work for remuneration" after February 15, 2015, and disqualified her from receiving disability benefits during unemployment after that date. The Board's factual findings are supported by substantial credible evidence; claimant testified to those facts during the hearing. Thus, we discern no basis to reverse either the

---

[2] In their respective briefs on appeal the parties agree that claimant was deemed eligible for disability benefits during unemployment under N.J.S.A. 43:21-4(f)(1) from December 28, 2014, through February 14, 2015. The record on appeal, however, does not include a decision or order to that effect.

Board's factual findings or its conclusion that during the period at issue defendant did not satisfy N.J.S.A. 43:21-4(f)(1)'s requirements.

Claimant's contention she would not have worked during the period if she knew she was otherwise qualified for benefits based on her pregnancy ignores that she certified to the Division she was able and willing to work during the period at issue and, as a matter of undisputed fact, she worked and earned income during that time. Claimant does not allege that either her employer or the Division advised her to misrepresent her ability and availability to work, and the Board properly accepted the representations in her certifications. In addition, acceptance of claimant's argument would require a finding that lacks support in the record: that she either misrepresented her ability and availability to work in her weekly certifications to the Division or that she otherwise would have misrepresented her ability and availability to work in her certifications.

The law allowed claimant disability benefits during unemployment related to her pregnancy and the delivery of her child, but did not mandate the benefits when she otherwise did not satisfy the statutory requirements. N.J.S.A. 43:21-4(f)(1) sets forth the requirements for the receipt of the benefits and, based on claimant's actions and admissions, she did not qualify for the benefits because she was not totally disabled as a matter of fact from February 15, 2015, through

March 28, 2015. The Board correctly determined she was not entitled to disability benefits during unemployment under the Unemployment Compensation Law, N.J.S.A. 43:21-4(f)(1), during that time.

We reject claimant's contention that in our prior decision reversing the Board's determination that her application for the benefits was untimely, we found her "eligible for disability benefits for the time period in question as she relied on incorrect information provided by" her employer. Our prior decision was limited to a determination that the Board erred by finding she filed the application late. We did not address claimant's eligibility for disability benefits during unemployment, but instead remanded for the Board to make that determination in the first instance.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12

A-0194-18T4